**Josephine Ann SLEEK, Plaintiff,**

**v.**

**J. C. PENNEY COMPANY, Inc., a Delaware Corporation, Defendant.**

**Civ. A. No. 15322.**

United States District Court
W. D. Pennsylvania.

June 28, 1960.

On Motion for Reargument
Sept. 30, 1960.

James McLaughlin, Pittsburgh, Pa., for plaintiff.

Bruce R. Martin, Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

A judgment of dismissal in this civil action was entered pursuant to my order of March 3, 1960. On April 2, 1960, plaintiff, by counsel, filed a motion to set aside the order of dismissal on the ground of excusable neglect. Although the motion does not indicate under which rule the movant is proceeding, it is apparent that only Rule 60 of the Federal Rules of Civil Procedure, 28 U.S.C.A., providing for relief from a judgment due to excusable neglect has application at this juncture, and the motion will be so treated. As such, the motion must be denied.

From the motion filed, it appears that plaintiff's counsel are proceeding on the supposition that any dereliction on counsel's part in failing to comply with Rule 5(II) of this court occurred on and after February 17, 1960. However, the fact is that plaintiff's counsel were derelict much earlier than February 17, 1960. This fact readily emerges from a quick review of the records of the clerk of this court. On March 27, 1959, the standard pre-trial notice was mailed to plaintiff's counsel by the clerk of this court directing compliance with the provisions of Rule 5(II) of this court. Subsequently, on April 8, 1959, by my order, pursuant to a stipulation of counsel, the effective pre-trial notice date was changed to May 1, 1959. Compliance with Rule 5(II) was then extended on June 4, 1959 by Judge Marsh's order—

" * * * (plaintiff) shall not be required to file a pre-trial statement until ten days after defendant has answered interrogatories of the plaintiff or has furnished discovery directed by Court, * * * "

following the filing on April 7, 1959 by the plaintiff of additional interrogatories, nos. 53–88, and defendant's objections thereto. Thereafter, on September 28, 1959, Judge Gourley sustained some of defendant's objections to interrogatories, and directed that the balance be answered within thirty days. On October 27, 1959, defendant's answers to the additional interrogatories of plaintiff were filed. A supplementary answer by defendant was made on November 13, 1959. On November 10, 1959, the clerk sent plaintiff's counsel a letter indicating that the pre-trial procedure should have been completed. This notice was incorrect but nevertheless certainly must have called plaintiff's counsel's attention to the fact that this case was under the pre-trial procedure. On December 18, 1959, a second letter was sent from the clerk to plaintiff's counsel stating that plaintiff had not completed pre-trial procedure. At this point, plaintiff was without question in default of Judge Marsh's order of June 4, 1959. A third notice from the clerk on January 11, 1960 again called counsel's attention to the failure to comply with pre-trial Rule 5(II). Nothing was done by plaintiff's counsel in response to these courtesy notices from the clerk.

On February 17, 1960, Judge McIlvaine, as the judge in charge of miscellaneous matters, entered his order directing counsel to comply with Rule 5(II) within seven days of the receipt of the order, or be held in default. On the failure of counsel to comply with Judge McIlvaine's direction, the case came before me as the miscellaneous judge.

When the clerk called my attention to the fact that counsel had failed to comply with Judge McIlvaine's order, I orally instructed the clerk to bring the matter to my attention after an additional seven days had passed, thereby extending the period for compliance. Plaintiff's counsel remained inert throughout, with the result that on March 3, 1960, my order of dismissal was entered. The record thus indicates that plaintiff's counsel had at least four (4) notices that Rule 5(II) was not being complied with in this civil action. It would seem that the utmost leniency was shown before dismissal was entered.

■ The basis for plaintiff's motion to set aside the dismissal appears vague, uncertain and indefinite. Apparently counsel considers that there was no dereliction on their part until there was failure to comply with Judge McIlvaine's order of February 17, 1960. This position is untenable in light of the record in the instant case, and counsel's own statement in the motion that says he did not dictate the required narrative statement until March 2, 1960. Under the circumstances, together with counsel's statement at oral argument, no excusable neglect has been shown.

■ Rule 5(II) of this court was adopted, effective May 15, 1958. The rule is an implementation of Rule 16 of the Federal Rules of Civil Procedure. Its purpose is primarily to enhance the final disposition of personal injury jury civil actions. It has been and is effective in accomplishing the purpose intended. For instance, when the rule was adopted there was a case load of 2,173 civil actions pending in this court. At the end of the June Civil Jury Term, 1960, the pending case load consisted of 1,412 civil actions, a reduction of 761 cases. It is the belief of the writer that the effective pre-trial procedure followed in this court by all of the judges in accordance with the rule is the principal factor in the reduction of the backlog of pending cases. The instant case, being a personal injury case, is one to be tried from the master civil jury calendar, but it did not reach that calendar because plaintiff's counsel failed to abide by the pre-trial procedures. With the press of personal injury litigation in this court, the rules of practice must be adhered to by counsel, otherwise the system fails.

The motion will be denied.

### On Plaintiff's Motion for Reargument

This civil action was dismissed by me for want of prosecution on March 3, 1960. That judgment became final as no appeal was taken.

On April 2, 1960 plaintiff, by counsel, filed a motion with the Clerk entitled "Plaintiff's Motion to Set Aside Order of Dismissal on Grounds of Excusable Neglect". This court, regarding that motion as being one presented under Rule 60(b), 28 U.S.C.A., entered an order on April 4, 1960 directing the Clerk to place the motion upon my next argument list. Argument was duly held and I filed a memorandum and order on June 28, 1960 denying plaintiff's motion to set aside the order of dismissal entered March 3, 1960. On July 25, 1960, plaintiff's counsel filed with the Clerk, a motion for reargument. On the same day the Clerk having called the motion to my attention, I directed " * * * that the within matter be scheduled for re-argument at the September, 1960 Argument Term. * * * " The argument came on to be heard on September 12, 1960 in accordance with the previous order. At that time and without going into the merits of the motion, this court raised the question whether it had any power to hear anything further in the case. The court expressed the view that the order denying relief under Rule 60(b) filed by me June 28, 1960 was an appealable order and that the district court's jurisdiction over the case was lost as the judgment of June 28, 1960 was a final one. My view at the argument was that expressed in Greenspahn

v. Joseph E. Seagram & Sons, 2 Cir., 1951, 186 F.2d 616, where the court at page 619 says in speaking of a denial under Rule 60(b):

"* * * Rule 60(b) expressly provides that a motion made thereunder 'does not affect the finality of a judgment or suspend its operation.' An order denying such a motion puts an end to any further action by the district court and leaves the judgment in full force and effect. We think it is a final order and therefore appealable. * * *"

The argument of September was continued pending a determination of whether or not this court is powerless to entertain plaintiff's present motion for reargument. I have examined the matter and the briefs filed by counsel and have concluded that the present motion is untimely. A number of decisions have been examined. Among them are Safeway Stores v. Coe, 1943, 78 U.S.App. D.C. 19, 136 F.2d 771, 148 A.L.R. 782; Kelly v. Pennsylvania Railroad Company, 3 Cir., 1955, 228 F.2d 727; Raughley v. Pennsylvania Railroad Company, 3 Cir., 1956, 230 F.2d 387; Behr v. Mine Safety Appliances Company, 3 Cir., 1956, 233 F.2d 371, and Yates v. Behrend, D.C.Cir.1960, 280 F.2d 64. Also 6 Moore Federal Practice · § 59.13 and 7 Moore Federal Practice § 60.81(8) and Barron and Holzoff § 1332 at page 433 where the review of an order denying relief under Rule 60(b) is discussed and cases cited.

This court is aware of the several rules of civil procedure, particularly in this instance, Rule 6(b) which refers to the power of a district court to extend the time for taking any action under the rules. The court has in mind of course that a judgment in the usual civil case is beyond the power of the district court to re-examine unless a motion is filed within ten days after judgment, as provided in Rules 50 and 59. Relief under 60(b) for excusable neglect however may be sought within one year of the judg-

ment. But the point for decision is whether when relief under Rule 60(b) has been denied, may the aggrieved party, by a motion for reargument, filed not within ten days but within thirty days of the order denying relief, keep alive the power of the district court to hear the reargument? Does the fact that the court scheduled the motion for reargument change the result?

■ It now seems well settled that the order denying relief under Rule 60 (b) is a final order and therefore appealable.

■■ As Judge Maris pointed out in Kelly v. Pennsylvania Railroad Company, [228 F.2d 729]

"* * * an application for reargument of a prior motion * * * is not to be regarded as it self a motion * * * or even as a renewal of such a motion. It is simply a request that the court reconsider its action upon the original motion. * * *"

If the reargument is granted the original motion is heard anew upon the original papers just as if it had not been originally heard or determined. Judge Kalodner pointed out that language in his dissent in Raughley v. Pennsylvania Railroad Company. The effect of what plaintiff desires to do in this case is to extend the time of appeal on a final order for judgment. For instance, under the decisions my order denying relief of June 28, 1960 was final, and it seems to me this proposition is unassailable under Behr v. Mine Safety Appliances Company, a decision written by Judge Goodrich. Plaintiff's counsel in this case argues as counsel did in the Behr case, that his motion for reconsideration tolls the time for appeal. The court held to the contrary. Plaintiff's counsel has represented to the court that had not my order of July 25, 1960 scheduling this, his motion for reargument, been filed he would have appealed the order of June 28, 1960. Be that as it may, neverthe-

less this court has concluded under the decisions that after the expiration of ten days from June 28, 1960, it had no power over the final judgment denying relief under Rule 60(b). In Safeway Stores v. Coe the court said at page 773:

"* * * Obviously, therefore, a petition for rehearing is, under the Rules, in all respects the same as a motion for a new trial. * * *"

That being so, a judgment after a hearing on Rule 60(b) cannot be re-examined by a district court unless a motion is filed within the usual ten day period. I therefore conclude that my order of July 25, 1960 scheduling this case for reargument was improvidently entered as this court was powerless to re-examine the matter.

### Order

And Now, this 30th day of September, 1960, the order of this court entered July 25, 1960 scheduling this matter for reargument is vacated and set aside, and the motion for reargument is denied.