**Russell E. LERMAN**

v.

**INHABITANTS OF the CITY OF PORTLAND.**

Supreme Judicial Court of Maine.

Oct. 17, 1979.

Russell E. Lerman, pro se.

Charles A. Lane, William J. O'Brien, Jr., Portland, for defendant.

Before POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

Acting pursuant to 17 M.R.S.A. § 2851,[1] the defendant ordered the demolition of a certain building in Portland of which the plaintiff was a part owner. This order prompted the plaintiff to file the complaint and summons authorized by Rule 80B, M.R. Civ.P., thus in effect appealing the action of the defendant governmental agency to the Superior Court. The Superior Court ordered the action dismissed, from which order the plaintiff appealed.

We deny the appeal.

17 M.R.S.A. § 2852 provides:

Any person aggrieved by such order may, within 30 days after said order is made and recorded, file an appeal therefrom to any Justice of the Supreme Judicial or Superior Court who shall, after notice and hearing, *affirm, annul or alter such order* and may render such judgment as to costs as justice requires. (emphasis supplied)

On the docket of the Superior Court the case became a civil action focusing on the validity of the demolition order issued by the defendant. The case thus became subject to the Maine Rules of Civil Procedure, including Rule 16, containing provisions that a pre-trial order may issue after a pre-trial conference. Rule 16(c)(4), M.R. Civ.P. An analysis of the docket indicates that such a conference was scheduled and held on January 31, 1978, at which time the plaintiff, who appeared pro se following withdrawal of his attorney, was not present

1. Whenever the municipal officers shall find a building or structure or any portion thereof or any wharf, pier, pilings or any portion thereof which is or was located on or extending from land within the boundaries of the municipality, as measured from low water mark, is structurally unsafe; unstable; unsanitary; constitutes a fire hazard; is unsuitable or improper for the use or occupancy to which it is put; constitutes a hazard to health or safety because of inadequate maintenance, dilapidation, obsolescence or abandonment or is otherwise dangerous to life or property, they may after notice and hearing on this matter, adjudge the same to be a nuisance or dangerous and may make and record an order prescribing what disposal shall be made thereof.

17 M.R.S.A. § 2851.

although notice thereof had been previously given to him. That the plaintiff was seasonably notified is evident by his personally signed motion asking for a continuance of the pre-trial conference, which was denied because "not timely filed." As a part of the pre-trial order that issued, the plaintiff was "ordered to produce record on appeal *within 20 days.*" (emphasis supplied). On May 30, 1978, a Superior Court Justice, acting on the defendant's motion for sanctions against the plaintiff for failure to comply with the pre-trial order, denied the motion for sanctions but ordered the plaintiff to comply with the order within thirty days, adding this handwritten caveat: "In the event the pre-trial not complied w/ the complaint is dismissed."

The plaintiff then made an abortive effort to remove the case to the United States District Court, which ordered the case restored to the docket of the Superior Court. On December 22, 1978, once again acting on defendant's motion to dismiss for failure to comply with a pre-trial order, a justice of the Superior Court ordered the complaint dismissed. It is this order which generates the instant appeal.

One of the issues isolated in the pre-trial order was the "propriety of the order of Mun. Officers of City of Portland." Therefore, the record made at the hearing held by the Portland City Council would have been critical to have before the Superior Court in order that it might determine whether it should "affirm, annul or alter" the demolition order. The rather adamant refusal of the plaintiff to furnish this information has not been justified. As we have noted, Mr. Lerman was ordered to obtain this information on January 31, 1978, but it was not until December 22, 1978, that the sanctions were imposed, even though his default had been in existence since February 20th.

■ Rule 16(d), M.R.Civ.P., authorizes the court, in the event of a failure to comply with the mandate of a pre-trial order, to "impose upon the party or his attorney or both such penalties and sanctions as the circumstances warrant, which may include the dismissal of the action . . .." It is basic that the Law Court may reverse such a decision only if the presiding justice has abused the discretion vested in him under this rule. We note the commentary in Field, McKusick and Wroth, Maine Civil Practice, that Rule 16(d) "recognizes the inherent power of the court to enforce the provisions of the rule aimed at making pre-trial procedure effective," and also that "the court has wide discretion to take other measures as appropriate." Field, McKusick and Wroth, *supra,* commentary 16.6.

■ We can detect no abuse of judicial discretion in ordering the dismissal of an action under Rule 16(d), M.R.Civ.P., where the plaintiff has refused to comply with the pre-trial order, particularly when he has had approximately ten months in which to comply. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). We are fully supported in reaching this conclusion by our holding in the recent case of *Sheepscot Land Corp. v. Gregory,* Me., 383 A.2d 16, 22–23 (1978), where the plaintiff had failed to appear for trial on a date previously set at a pre-trial conference. In *Sheepscot* the defendant had filed a counterclaim and, on failure of the plaintiff to appear on the pre-assigned trial date, the court ordered a default judgment in favor of the defendant on the counterclaim. We concluded there that the imposition of that sanction was appropriate under the authority of Rule 16(d).[2] We see no essential difference between the facts before us and those underlying the decision in *Sheepscot. See* 3 Moore's Federal Practice, ¶ 16.6 at 1134. *See also Wirtz v. Hooper-Holmes Bureau, Inc.,* 327 F.2d 939 (5th Cir. 1964); *Sleek v. J. C. Penney Co.,* D.C., 26 F.R.D. 209 (1960).

The entry is:

"the default of a party, the exclusion of evidence at the trial, and the imposition of costs including attorney's fees and travel."

2. In addition to "dismissal of the action or any part thereof with or without prejudice," the sanctions authorized by Rule 16(d) also include

Appeal denied.

Order dismissing complaint affirmed.

McKUSICK, C. J., and GLASSMAN, J., did not sit.