HERBERT Q. BLAKE, appellant from the decree of Judge of
Insolvency annulling his discharge in insolvency,

*vs.*

CHARLES H. CLARY and another.

Kennebec.     Opinion January 3, 1891.

*Insolvency.   Annulling Discharge.   Fraud.   Knowledge of Creditor.   Attorney.*
*R. S., c. 70, § 49.*

An insolvency debtor's discharge, if fraudulently obtained, may be annulled on
petition of a creditor who, at the time of granting the discharge, had no
knowledge of the fraud.

Such a petition can not be maintained by a creditor who had such knowledge.
His remedy is to resist the granting of the discharge.

When knowledge of the attorney is imputable to his client.

*Bank* v. *Chase*, 72 Maine, 226, approved.

ON MOTION.

This was a proceeding by petition of the appellees, Clary and
Quinn, filed September 28, 1887, in the Court of Insolvency for
Kennebec County, to annul the discharge of the appellant Blake.
There was a hearing thereon in that court and in February, 1888,
a decree was made that the discharge be annulled.   The petition
alleged that Blake, or some one in his behalf, had obtained the
assent of one Carter, and H. S. Brown and Co., creditors, to his
discharge by a pecuniary consideration.

Blake appealed from this decree to the Supreme Judicial
Court, Kennebec County, where it was tried to a jury, who
returned a verdict in his favor.   At the trial, the presiding
justice framed the following issue :   Did H. Q. Blake, the
debtor, or some one in his behalf, procure the assent of one or
more of his creditors to his discharge by any pecuniary con-
sideration or promise of future preference, without the knowledge
of the petitioners, until after the granting of the discharge ?   The
jury answered, No.

It appeared that, at the time of the commencement of the
proceedings in insolvency by the debtor, Blake, November 25,
1885, Clary and Quinn, appellees, had entered an action against
him in the Superior Court, Kennebec County, and that the suit

was pending at the time of the trial of this case ; and that Beane and Beane were their counsel. After due proceedings in the Court of Insolvency, a decree was ordered October 11, 1886, granting Blake a discharge from his debts, and on the 13th and 15th days of the same month, Carter, and Brown and Co., appealed therefrom and entered their appeals in this court.

There was evidence at the trial, in the appellate court, tending to show that the claims of these creditors had been settled and adjusted, and their assent to his discharge thereby obtained· Some of this evidence consisted of the creditor's written receipts acknowledging payments by one Yeaton, and directing the withdrawal of objections to Blake's discharge.

These receipts, &c., were filed in the appellate court by the debtor in support of his written motion, at the October term, 1886, to dismiss the appeals. The motion to dismiss is entitled, *Henry S. Brown et al. appellants,* v. *H. Q. Blake,* and the debtor alleges in it :   .   .   .

"That on October 21, 1886, said appellant's claim was fully satisfied, and they directed their attorneys in writing, to withdraw all objection to said insolvent's receiving a full discharge by said Insolvency Court; and that said attorneys are now prosecuting said appeal without authority and against the wishes of the appellants." From the docket entries it appeared that Beane and Beane, were counsel of Brown and Co., in the prosecution of this appeal. The motion to dismiss was overruled, but being renewed by other counsel, at the following March term, under written instructions of Brown and Co., the appeal was dismissed.

On August 27, 1887, the appeal of Carter, one Atherton, an intervening creditor having been admitted to prosecute it, but whose claim was settled, was withdrawn, and the appellate court affirmed the decree of the court below granting a discharge.

One of the counsel of the debtor during the pendency of these appeals, but who had withdrawn before the trial, testified that he was in court when the matters were discussed ; that the discussion was on the dismissal of these cases because the claims had been settled ; the case in which Atherton was a party, was

discussed; that one of the firm, Beane and Beane, was in court and took part in the discussion. The debtor's son, a member of the bar, testified that he recollected the October term, when Atherton filed his petition to prosecute Carter's claim against his father; that Mr. Beane took part in that discussion; and that the discussion was in regard to the dismissal of the appeals on the ground they had been settled.

The appellee, Clary, testified that the fact of the settlement of the claims of Carter and Brown and Co., did not come to his knowledge until after the discharge to Blake had been granted.

*Beane and Beane*, for Clary and Quinn, appellees.

We were read out of court by the letter of Brown and Co., dated March 14, 1887, which was after the receipts, given upon payment of the two claims, had been filed in court. After this date we were out of court as counsel for anybody; with no right to appear, speak or object; our rights taken from us by the fraudulent acts of the debtor. We had done nothing for Clary and Quinn in the Insolvent Court prior to this. The assent of two other creditors to the discharge was obtained by the payment of money as evidenced by their receipts used in obtaining a dismissal of the pending appeals.

The court will not sustain the position that because an attorney of Brown and Co. had knowledge of a certain fact in one court, that such knowledge became, as a matter of law, the knowledge of Clary and Quinn in the prosecution of another and different case in another, and different court, but against the same party.

The discharge had been granted, as matter of fact, October 11, 1886, and before the settlement in either case had been made. The statute word "assent" applies to something done, "consent" being the proper word applicable to anything to be done. Impossible for Clary and Quinn to have known of an assent being given until it was done; therefore, they could not have had actual or constructive knowledge of the assent before the discharge was granted.

*J. H. Potter*, for appellant.

Blake did not procure the assent of creditors to his discharge. No evidence connecting him with the receipts, &c., filed in the case. Jury so found. No discharge granted until the final decree of appellate court, August 27, 1887, ten months before which time these appellees knew of the alleged fraudulent acts and had knowledge of the settlements with Carter, and Brown and Co. Beane and Beane opposed Blake's discharge, appearing for Brown and Co., and appealed from the decree, whilst prosecuting the suit in the Superior Court for Clary and Quinn. Knowledge of counsel is knowledge of his client.

WALTON, J. An insolvent debtor's discharge, if fraudulently obtained, may be annulled on petition of a creditor who, at the time the discharge was granted, had no knowledge of the fraud. But such a petition can not be maintained by a creditor who had such knowledge. His remedy is to resist the granting of the discharge. R. S., c. 70, § 49. And the knowledge of an attorney is the knowledge of his client. *Rogers* v. *Palmer*, 102 U. S. 263 ; *Sartwell* v. *North*, 144 Mass. 188. And see *Bank* v. *Chase*, 72 Maine, 226, where the authorities are collated and the doctrine of imputed notices fully discussed.

It is claimed that in this case the insolvent debtor settled with several of his creditors, and thereby induced them not to prosecute appeals which had been taken from a decree granting him a discharge ; and that by these means he obtained a discharge in the appellate court which he otherwise would not have obtained. And it is claimed that these settlements were a fraud upon the petitioners and entitle them to have the discharge annulled.

There is no direct evidence that these petitioners had personal knowledge of these settlements before the debtor obtained his discharge. But the evidence leaves no doubt that their attorneys had such knowledge some nine or ten months before the discharge was finally obtained in the appellate court. And this knowledge was not obtained by confidential communications or other means which would justify them in withholding it from their clients. It was obtained in open court. The insolvent

debtor's counsel moved to have the appeals dismissed on the ground that the appellants, and others who had become parties to the appeals, had been settled with; and they produced and placed on file the written evidence of such settlements ; and the petitioners' counsel were present and had knowledge of the proceedings, and took part in the discussions which followed. This knowledge on their part, thus obtained, is imputable to their clients, and bars the latters' right to maintain their petition to have the discharge, subsequently obtained by the debtor, annulled on account of those settlements.

And on this ground we think the verdict of the jury sustaining the discharge was clearly right; and that the motion to have the verdict set aside and a new trial granted must be overruled.

*Motion overruled.*

PETERS, C. J., VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.