**Sarah J. IRELAND, Formerly Sarah J. Galen**

v.

**Maurice J. GALEN.**

Supreme Judicial Court of Maine.

May 25, 1979.

Curtis & Griffin by Michael H. Griffin, Orono (orally), for plaintiffs.

Oscar Walker, Bangor (orally), for defendant.

Before McKUSICK, C. J., and WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

GODFREY, Justice.

Plaintiff-appellee Sarah Ireland was granted a divorce from defendant-appellant Maurice Galen by judgment entered in the District Court, District Three, Division of Southern Penobscot, on May 29, 1969. As part of the divorce decree, the District Court awarded custody of the one minor child of the parties to the appellee and ordered appellant to pay for the support of that child in the amount of $10.00 per week.

On October 14, 1976, appellee filed a motion in the District Court alleging that appellant was in arrears of child support in the amount of $1715.00. On the same day, she obtained a court order from the District Court directing that notice of a hearing on the motion, scheduled for November 5, 1976, be given appellant by serving him with an attested copy of the motion and order. Appellant was served on October 19, 1976, but return of service indicated that an unattested copy was used. He was served, also on October 19, 1976, with a request for production of specifically described documents pursuant to Rule 34, M.R.Civ.P. Appellant responded on October 27, 1976, by moving to dismiss the motion for arrearages on the ground that service was not made by attested copy as ordered. Appellee then filed a second motion for arrearages, substantially identical to the first, on November 18, 1976. Service on appellant was made by attested copy on November 29, 1976. Hearing on this motion was scheduled for January 10, 1977. Appellee did not re-serve her request for production of documents.

On December 1, 1976, appellee filed a motion requesting the imposition of sanctions pursuant to Rule 37(d)(3), M.R.Civ.P., for appellant's failure to respond to the request for production of documents. Specifically, the motion asked for an order under Rule 37(d)(3), M.R.Civ.P., that the fact that defendant owed plaintiff $1715 in arrearages be taken to be established, and for an order refusing to allow defendant to oppose plaintiff's claim. Hearing on this motion was scheduled for December 17, 1976. It is not clear from the record what happened on December 17, except that both parties appeared and filed memoranda of law.

By order, dated January 5, 1977, designated "Partial Judgment and Order that Designated Facts shall be taken to be Established," the District Court granted plaintiff's December 1 motion for sanctions, ruling that plaintiff's allegation that defendant was in arrears in child support payments in the amount of $1715 was to be taken as established and that the defendant was not to be allowed to oppose the claim. In addition, the District Court judge wrote on the order, "Judgment for plaintiff for said sum of $1715.00—execution to issue therefor forthwith." That judgment was entered in the District Court docket on January 5, 1977.

Defendant Galen appealed to the Superior Court pursuant to Rule 73(a), D.C.Civ.R. From a judgment of the Superior Court denying the appeal, defendant again appeals. We deny the appeal.

■ Appellee contends that the District Court order did not constitute a final judgment. Although the caption was entitled "Partial Judgment," the order of the District Court, duly entered in the docket, was

plainly a judgment. We do not see what could be more final than "Judgment for plaintiff for said sum of $1715.00—execution to issue therefor forthwith."

Rule 34(a), M.R.Civ.P., applicable through Rule 34, D.C.Civ.R, states that "[a]ny party may serve on any other party a request (1) to produce . . . any designated documents . . . ." Appellant does not challenge the sufficiency of service, on October 19, of appellee's request for production of documents. However, appellant contends that the request for production of documents had no legal effect, on the theory that the October 8 motion for arrearages had not been properly served. Appellant's position is that, although an attested copy is not usually required (see 1 R. Field, V. McKusick & L. Wroth, *Maine Civil Practice* § 4.4 (2d ed. 1970)), where, as here, a court order requiring service by attested copy is obtained, the court order must be followed. When the motion was re-served by attested copy on November 29, 1976, appellant argues, a new request for production of documents had to be made.

■ Appellant's argument overlooks the fact that the jurisdiction acquired by the District Court over the present parties in their 1969 divorce action is a continuing one with respect to custody or support of their minor child. *Baril v. Baril*, Me., 354 A.2d 392 (1976). As stated by 2 R. Field, V. McKusick & L. Wroth, *Maine Civil Practice* § 80.4 at 278 (2d ed. 1970).

"A divorce action always remains pending to modify provisions of the divorce judgment with respect to support and custody of minor children and alimony . . . ."

Thus, the right of appellee to file her Rule 34(a) motion did not depend upon the commencement of a proceeding for enforcement or modification of the divorce judgment. It was properly filed in a pending action. The divorce decree of the District Court, incorporating a support order, remained in force on October 19, 1976, when the request for production of documents was served. Consequently, that request was properly served on a "party" in compliance with Rule 34(a), M.R.Civ.P.

■ The request for production of documents being legally effective, the question before us is whether the District Court abused its discretion in imposing sanctions for defendant's failure to respond. Rule 37(d)(3), M.R.Civ.P., provides that if a party fails to serve a written response to a request for production after proper service of the request, the court may make such orders in regard to the failure as are just, including any action authorized by paragraphs (A), (B), and (C) of Rule 37(b)(2). Paragraph (A) of subsection (b)(2) permits a court order that designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order. Paragraph (B) permits, among other things, a court order prohibiting the disobedient party from opposing designated claims. Paragraph (C) permits, among other things, a court order rendering a judgment by default against the disobedient party. The plaintiff had clearly designated, in her motion of December 1, the facts and claims she sought to establish. Thus the sanctions invoked by order of the District Court, though severe, were expressly authorized by rule.

■■ The Federal courts have held that Rule 37, F.R.Civ.P., virtually identical to Rule 37, M.R.Civ.P., grants broad discretionary powers to the trial judge to impose sanctions for failure to comply with discovery orders and requests, notwithstanding the requirement that the "court make such orders as are just." *Denton v. Mr. Swiss of Missouri, Inc.*, 564 F.2d 236 (8th Cir. 1977). However, where severe sanctions such as dismissal or default are imposed, the range of discretion is more narrow. *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989 (8th Cir. 1975). "[T]here are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause." *Societe Internationale v. Rogers*, 357 U.S. 197, 209, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255 (1958).

Consequently, dismissal or entry of default judgment pursuant to Federal Rule 37 has been permitted only where the noncompliance has been due to wilfulness, bad faith or fault of the party sanctioned. *Societe Internationale v. Rogers, supra* ; *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), *cert. denied*, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978); *Grace v. Fisher*, 355 F.2d 21 (2d Cir. 1965). This standard is applicable to sanctions ordered under Federal Rule 37(d) for noncompliance with discovery requests as well as those imposed under Rule 37(b) for noncompliance with court orders. *Fox v. Studebaker-Worthington, Inc., supra.*

In the present case, appellant concedes that the documents requested were in his possession. He does not submit any justification for his failure to comply except for his argument, which we have rejected, that the discovery request was not served on a party. The proper course for asserting that defense would have been to move for a protective order, pursuant to Rule 26(c), M.R.Civ.P. In fact, Rule 37(d) expressly provides:

> "The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c)."

Nor can appellant claim that he was unfairly surprised by the District Court's order since he had been previously served with a motion requesting that sanctions be imposed. He had an opportunity to explain his noncompliance at the December 17, 1976, hearing.

We conclude that the failure to comply was without reasonable justification and due to the wilfulness or fault of the appellant. While appellant's noncompliance might have been appropriately dealt with by less extreme sanctions, we cannot say that, in these circumstances, the District Court abused its discretion.

The entry is:

Appeal denied.

Judgment affirmed.

POMEROY and NICHOLS, JJ., did not sit.