John FALLON

v.

CASCO–NORTHERN CORPORATION.

Supreme Judicial Court of Maine.

Argued June 6, 1983.

Decided July 11, 1983.

John D. Fallon, pro se.

Louise K. Thomas (orally), Portland, for defendant.

Before GODFREY, NICHOLS, ROB-ERTS and WATHEN, JJ., and DU-FRESNE, A.R.J.

PER CURIAM.

John Fallon appeals *pro se* from an order dismissing his complaint "with prejudice" entered in the Superior Court, Cumberland County. Fallon filed his complaint against the defendant Casco-Northern Corporation, purportedly pursuant to 13–A M.R.S.A. § 626 (1981), to compel inspection of the defendant's corporate records. As a sanction for Fallon's failure to testify at court-ordered depositions, the Superior Court dis-

missed the action and granted the Corporation affirmative relief with respect to any future shareholder inspection actions brought by Fallon against the Corporation. We modify the order granting affirmative relief. As so modified, we affirm the judgment.

### I.

In August of 1980, Fallon tried unsuccessfully to inspect the defendant's corporate records. The Corporation refused inspection because of its concern that Fallon's request was not for a proper and legitimate purpose, relating clearly to his interests as a stockholder. Rather, the Corporation expressed concern that Fallon sought inspection as a result of his interest in other litigation with one of the Corporation's subsidiaries. That litigation related to various loan requests and transactions.

Fallon filed a complaint in the Superior Court in September of 1980 seeking to inspect and copy "without limitation" unspecified corporate books and records of the defendant. On November 24, 1980, the Corporation filed a notice to produce documents and to depose Fallon on December 4, 1980. Fallon responded with a motion requesting a protective order pursuant to M.R.Civ.P. 26(c) prohibiting any deposition, an award of $500.00 in expenses pursuant to M.R.Civ.P. 26(c) and 37(a)(4), and disciplinary action against defense counsel for "willful violation" of M.R.Civ.P. 11. The motion alleges, *inter alia,* defective notice, bad faith, and harassment. At Fallon's request a hearing on the motion was set for January 14, 1981.

Fallon failed to appear at the January 14 hearing. By order dated January 15, 1981, the Superior Court denied Fallon's motion. In addition, the Superior Court ordered Fallon to appear for his deposition on January 30, 1981. Fallon again moved for a protective order on January 23, 1981, and requested another hearing for March 13, 1981. This motion to reconsider alleged that the Superior Court denied the previous motion

without affording the plaintiff notice and an opportunity to be heard.

Fallon failed to appear at his court-ordered deposition on January 30, 1981. Consequently, on February 9, 1981, the Corporation filed a motion for sanctions against Fallon pursuant to M.R.Civ.P. 37(b)(2)(A)–(D). The hearing on the Corporation's motion was set to be heard with Fallon's motion to reconsider on March 13, 1981. Following the hearing, the Superior Court again ordered Fallon to submit to discovery and to appear for his deposition on May 5, 1981. Finally, the order warned that if Fallon failed to appear and testify and to produce documents, the court would consider "severe and appropriate sanctions, including, without limitation, prohibiting Fallon from pursuing any action until his deposition is taken."

Thereafter, on April 1, 1981, Fallon filed, inter alia, the following motions: (1) a motion to report the discovery orders to the Law Court on the grounds that the orders raise "a serious question" regarding the scope of M.R.Civ.P. 26; (2) an alternative motion to alter judgments pursuant to M.R. Civ.P. 59(e) or to request dismissal of the plaintiff's action if the plaintiff "elects" not to comply with discovery (so that "he might have a judgment which could be appealed to the Law Court"); and (3) an "ex parte" motion to stay the discovery orders until hearing and disposition of the latter motions. Two days later, on April 3, 1981, Fallon also moved for summary judgment.

The Corporation filed, on April 6, 1981, a motion to compel production of documents and an objection to the "ex parte" motion for stays. The Corporation also moved, on April 9, 1981, to continue Fallon's motion for summary judgment until after the depositions scheduled for May 5. Following an April 13 hearing, the Superior Court denied all pending motions.

Fallon appeared on May 5 but refused to be deposed for two reasons: (1) the court reporter did not have written evidence that he was properly qualified, pursuant to M.R. Civ.P. 28, to take depositions; and (2) defense counsel and the court reporter did not furnish written guarantees that they would observe the rules of civil procedure, particularly in preparing the deposition transcript. The thirty minute discussion between defense counsel and Fallon was quite heated and ended when Fallon walked out the door. Thereafter, on May 21, 1981, the Corporation again moved for sanctions against Fallon, specifically requesting dismissal with prejudice and costs, or an order that, for the purposes of the litigation, Fallon's request to inspect the Corporation's records would be presumed to be for improper purposes and in bad faith.

In August of 1981, Fallon's appeal to the Law Court was dismissed as interlocutory. Over a year later, on September 14, 1982, the Corporation requested that the May 21 motion for sanctions be set for hearing on November 19, 1982. Notice of the request for hearing was sent to Fallon and the hearing was in fact set for November 19, 1982. Fallon filed a "Verified Ex Parte Motion for Continuance" dated November 17, 1982, stating that he had not received notice of the hearing until November 16 and that he had "long-standing" plans to be out of the state on personal business on November 19.

The hearing on the Corporation's motion for sanctions proceeded on November 19, but evidently Fallon failed to appear. Following the hearing, the Superior Court determined that Fallon's reasons for refusing to be deposed were "totally frivolous" and issued an order denying Fallon's motion to continue and granting the Corporation's motion for sanctions. The Superior Court dismissed the complaint "with prejudice" and further ordered: "In this and any other action John Fallon commences against Casco-Northern Corporation for shareholder inspection of the books and records of the Corporation, it shall be taken to be established that John Fallon seeks the inspection of Casco-Northern Corporation's records for improper purpose and in bad faith." Thereafter, Fallon filed a timely notice of appeal to the Law Court.

## II.

Fallon raises a number of issues on appeal. We need decide only whether the Superior Court erred in imposing sanctions for Fallon's failure to comply with court-ordered discovery. M.R.Civ.P. 37(b) provides for sanctions in the event a party fails to obey an order to provide or permit discovery. These sanctions include:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

. . . .

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

M.R.Civ.P. 37(b)(2)(A)–(C).

■ We review the propriety of a sanction under M.R.Civ.P. 37(b)(2) by an "abuse of discretion" standard. *E.g., Reeves v. Travelers Insurance Co.,* 421 A.2d 47, 50 (Me.1980). The trial court has broad discretion to choose an appropriate sanction to penalize noncompliance with a court order, to remedy the effect of noncompliance by awarding costs or "extracting" compliance, and to deter similar conduct by the same offender or others. *Id.; see also* 1 Field, McKusick & Wroth, *Maine Civil Practice*

§ 37.1, at 270 (2d ed. Supp.1981). In imposing sanctions such as dismissal or default, however, the trial court's discretion is more narrow and hence will receive greater scrutiny. *Ireland v. Galen,* 401 A.2d 1002, 1004 (Me.1979); Field, McKusick & Wroth, *supra* § 37.1, at 270. This narrower discretion reflects the constitutional implications in dismissing an action without affording a party the opportunity to be heard on the merits of his case. *Ireland,* 401 A.2d at 1004. Nevertheless, we have affirmed a dismissal or default where the noncompliance with a discovery order was due to wilfulness, bad faith, or fault, or was without reasonable justification. *Id.* at 1005; *see also* Field, McKusick & Wroth, *supra* § 37.1, at 270. Finally, we have affirmed the dismissal of an action brought by a *pro se* plaintiff for failure to comply with a pretrial order to produce the administrative record. *Lerman v. Inhabitants of the City of Portland,* 406 A.2d 903 (Me.1979), *cert. denied,* 446 U.S. 937, 100 S.Ct. 2156, 64 L.Ed.2d 790 (1980).

■ In light of Fallon's continued refusal to be deposed, we find no abuse of discretion in the trial court's dismissal of this action. None of Fallon's reasons for his failure to comply with the discovery order has any merit. In fact, Fallon demonstrated bad faith, deliberate delay, and obstruction. Hence, we conclude that dismissal of this action was appropriate under the circumstances.

■ Nevertheless, we modify the Superior Court's order granting the Corporation what amounts to prospective affirmative relief. The court ordered: "In this *and any other* action ... Fallon commences against Casco-Northern ... for ... inspection of ... records of the corporation ... it shall be ... established that ... Fallon seeks ... inspection ... for improper purpose and in bad faith." (Emphasis added.) Such a prospective sanction goes beyond the Corporation's request and is not specifically authorized by M.R.Civ.P. 37(b)(2). At oral argument defense counsel suggested that

this part of the trial court's order was intended to apply more narrowly and thus may be interpreted narrowly. We agree and so modify the order. Specifically, we limit the order to establish *in this action* that Fallon seeks inspection "for improper purpose and in bad faith." The impact of such a determination in any future litigation is not appropriately determined in the present case.

We have reviewed the appellant's additional contentions and have determined that none has merit. Accordingly, we affirm the judgment as modified.

The entry is:

Order modified by striking from the third numbered paragraph the words "and any other" and, as so modified, affirmed.

All concurring.