Scott B. CORR, et al.

v.

Samuel A. HINDS.

Supreme Judicial Court of Maine.

Argued Jan. 8, 1988.

Decided Feb. 9, 1988.

Francis M. Jackson (orally), Jackson & Pallas, Westbrook, for plaintiff.

Mark E. Dunlap (orally), Law Office of Mark Dunlap, P.A., Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Plaintiffs Scott Corr, George Corr, and Patricia Corr appeal from an order of the Superior Court (Cumberland County) dissolving an attachment as a sanction for their failure to comply with discovery. On appeal, plaintiffs claim error in the dissolution of the attachment on a variety of grounds. We affirm the order of the Superior Court.

The relevant procedural facts may be summarized as follows: Plaintiffs, Scott Corr and his parents, brought the underlying action on January 22, 1985, for damages arising out of an incident of sexual abuse involving defendant and Scott Corr. Plaintiffs then obtained an ex parte order of attachment and trustee process against two promissory notes due to defendant from the sale of his real estate business in Maine. Discovery was fraught with delays from the beginning. On January 30, 1985, plaintiffs deposed defendant and, on the oral motion of plaintiffs, the Superior Court ordered defendant to respond to certain questions that he refused to answer and ordered defendant to pay plaintiffs' counsel the fees and costs incurred by virtue of his failure to go forward with the deposition. On August 5, 1985, the action was placed on the expedited pretrial list, requiring that discovery be completed by November 5, 1985. On motion of defendant, the Superior Court extended the discovery deadline to June 15, 1986.

On March 6, 1986, defendant served interrogatories and requests for production of documents on plaintiffs Scott Corr, George Corr, and Patricia Corr and on March 27, 1986, defendant filed notices to take their oral depositions.[1] Defendant agreed to extend the deadline for responding to the interrogatories and to the requests for production of documents to May 9, 1986. When plaintiffs had failed to respond by May 20, 1986, however, defendant filed a motion to compel discovery. On the morning of the hearing on defendant's motion, plaintiffs George and Patricia Corr served defendant with their answers to interrogatories, as well as certain documents, and no action was taken on the motion to compel. Plaintiff Scott Corr did not serve his answers to interrogatories until the day of his deposition in November, 1986. None of the plaintiffs served written response to defendant's request for production as required by M.R.Civ.P. 34(b).

On May 18, 1987, defendant brought a second motion to compel and a request for sanctions, stating that as of May 18, 1987, defendant had received only sporadic documents and no written response to his re-

---

1. Defendant took the oral depositions of plaintiffs George and Patricia Corr in New York in April, 1986. After receiving an extension of the discovery deadline, defendant took the deposition of plaintiff Scott Corr in November, 1986, in Germany, where Corr was stationed.

quests for production.[2] A hearing on the second motion was held on August 7, 1987. On that date, plaintiffs filed a partial response to the request for production and stated that they had produced all discoverable documents in their possession.[3] Noting that no objections had ever been filed to defendant's request, the Superior Court ordered the production of all the documents requested. As a sanction for plaintiffs' failure to file a written response in a timely manner, the Superior Court ordered the dissolution of the attachment. It is from this order that plaintiffs appeal.

■ We note preliminarily that we review pretrial discovery orders only for an abuse of discretion. *Pattershall v. Jenness*, 485 A.2d 980, 985 (Me.1984). The Superior Court is given broad discretionary powers to impose sanctions for failure to comply with discovery orders and requests. *Ireland v. Galen*, 401 A.2d 1002, 1004 (Me. 1979).

Plaintiffs first contend that M.R.Civ.P. 4A governing attachment supersedes M.R. Civ.P. 37 governing sanctions for failure to make discovery and that the requirements of Rule 4A were not met.[4] Rule 4A, however, does not limit the means for obtaining dissolution. In pertinent part M.R.Civ.P. 4A provides:

(g) **Dissolution or Modification of Ex Parte Attachments.** On 2 days' notice to the plaintiff or on such shorter notice as the court may prescribe, any person having an interest in property that has been attached pursuant to an ex parte order entered under subdivision (f) of this rule may appear, without thereby submitting to the personal jurisdiction of the court, and move the dissolution or modification of the attachment .... *Nothing herein shall be construed to abolish or limit any means for obtaining dissolution,*

*modification or discharge of an attachment that is otherwise available by law.* (emphasis added). Rule 37 is another means for obtaining dissolution, for it provides that:

(d) **Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.** If a party ... fails ... (3) to serve a written response to a request for production or inspection submitted under Rule 34, after proper service of the request, *the court in which the action is pending on motion may make such orders in regard to the failure as are just,* and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. ...

The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c).

(emphasis added).

■ The Superior Court's basis for dissolving the attachment pursuant to Rule 37 is its discretion to make such orders as are just. Among other sanctions permissible under Rule 37(d) is the authority to dismiss the action or any part thereof. M.R.Civ.P. 37(b)(2)(C). The greater sanction of dismissal includes the lesser sanction of dissolving an attachment order. Because Rule 37 controls, plaintiffs' arguments concerning compliance with the requirements of Rule 4A are without merit.

■ Plaintiffs next contend that the Superior Court deprived them of their constitutional right of due process. Although they received notice of the hearing on defendant's motion for sanctions and were represented at that hearing, they argue

---

**2.** On July 14, 1987, unrelated to defendant's motion to compel, the Superior Court ordered plaintiffs to file the report of conference of counsel within 10 days or the case would be dismissed. The report was filed on July 29, 1987.

**3.** On August 24, 1987, each plaintiff filed a separate formal response to defendant's request for

production, again essentially stating that all documents known to exist were attached.

**4.** Because this case also involves trustee process, M.R.Civ.P. 4B is also applicable. For purposes of this case, however, both Rule 4A and Rule 4B contain the same requirements and the same language. Therefore, we refer only to the language of Rule 4A.

that they were not afforded an opportunity to prepare for the sanction of dissolution because the notice did not alert them to the possibility that the attachment might be dissolved. First, plaintiffs failed to raise this objection at the hearing and therefore have not preserved the issue. Furthermore, we have stated previously that if a party has an opportunity to explain his noncompliance, which noncompliance is the focus of the hearing, he has not been deprived of his constitutional right of due process. *Ireland v. Galen*, 401 A.2d 1002, 1004–05 (Me.1979) (District Court did not abuse its discretion in ordering a default judgment even though motion to compel sought lesser sanction). In this case, plaintiffs were notified of the hearing and were represented. No denial of due process has been demonstrated.

■ Plaintiffs further contend that, absent bad faith or failure to comply with a previously entered order of the court, the sanction of dissolving an attachment was an abuse of discretion. This argument is without merit. We held in *Pelletier v. Pathiraja*, 519 A.2d 187, 189 (Me.1986), that a showing of willfulness, bad faith, or fault is not required to justify the Superior Court's decision to dismiss an action. Finally, plaintiffs take nothing from their claim that they were not first given an opportunity to comply with an order before the sanction was imposed. The rule mandates that the "party upon whom the request is served shall serve a written response within 30 days ...." M.R.Civ.P. 34(b). There is no requirement that a specific order compelling production precede an order for sanctions. *See* M.R.Civ.P. 37(d). The only literal limitation is the requirement that the exercise of discretion be "just."

Plaintiffs have ignored the difference between their obligation to respond to defendant's request for production and the obligation, if any, to supply documents. *See Battryn v. Indian Oil Co.*, 472 A.2d 937, 941 (Me.1984). Plaintiffs are obliged to serve a written response which "shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the *reasons for objection* shall be stated." M.R.Civ.P. 34(b) (emphasis added). By failing to serve formal written responses to defendant's requests, and any objections thereto, plaintiffs precluded defendant and the Superior Court from promptly evaluating plaintiffs' oral representation that all available documents had been supplied. Without the written response envisioned by Rule 34(b), the Superior Court is unable to supervise discovery disputes effectively.

Beneath all of plaintiffs' arguments lies the simple fact that, in complete violation of the rules, more than one year passed before plaintiffs filed a written response to defendant's request, and even then the response was incomplete. A party has an obligation to respond promptly and fully to a request for production and defendant should not have been required to file two motions to compel in order to obtain a response. Given the unjustified nature of plaintiffs' failure to respond, the Superior court did not abuse its discretion by imposing the sanction of dissolution.

Plaintiffs' remaining contentions are without merit and require no discussion.

The entry is:

Judgment affirmed.

All concurring.