**Robert H. TERJELIAN**

v.

**CONCORD GROUP INSURANCE COMPANY, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 3, 1992.

Decided April 13, 1992.

Anthony K. Ferguson, Fales & Fales, P.A., Lewiston, for plaintiff.

Nancy K. Roux, Platz & Thompson, P.A., Lewiston, and Harold N. Skelton, Skelton, Taintor & Abbott, Auburn, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Plaintiff Robert H. Terjelian appeals from an order of the Superior Court (Androscoggin County, *Alexander, J.*) denying his motion to vacate an earlier order by the same court (*Delahanty, C.J.*) dismissing with prejudice his complaint against Concord Group Insurance Company (Concord). We discern no abuse of discretion and affirm the order of dismissal and subsequent denial of Terjelian's motion to vacate that order.

Terjelian suffered a fire loss in July 1988, and when Concord, his insurer, refused to pay his claim, Terjelian brought this action against Concord and its agent, Roux Agency, Inc. The case was placed on the expedited pretrial list and June 30, 1990 was set as the discovery deadline. *See* M.R.Civ.P. 16(c)(1). The pretrial order required plaintiff's counsel to file a report of conference of counsel not later than ten days after the discovery deadline. When no such report was filed by the due date, the clerk issued a notice to Terjelian's counsel that the report of conference of counsel was overdue and should be filed immediately or "[t]he court may impose sanctions which may include dismissal." By August 15, 1990, the report still had not been filed and the court issued an order that the report of conference of counsel be filed within ten days or "this case will be dismissed with prejudice."

Apparently, during this same period of time, Terjelian's counsel was seeking to withdraw. On July 24, 1990, the attorney's motion to withdraw was granted, but was conditioned upon the entry of an appearance of new counsel for plaintiff. Terjelian's attorney continued in his representation and on August 31, 1990, filed a motion for an extension of time within which to file the report of conference of counsel. On September 5, 1990, the court extended

the time for filing until October 31, 1990 and ordered Terjelian either to obtain new counsel or enter a *pro se* appearance by September 30, 1990. Terjelian entered a *pro se* appearance on September 28, 1990, and retained his present counsel on October 30, 1990.

The report of conference of counsel was never filed. On November 16, 1990, the court ordered that Terjelian's complaint be dismissed with prejudice for failure to comply with Rule 16(c)(2) and with the September 5, 1990 order of the court. Terjelian's motion to vacate the order of dismissal was denied.[1]

■■■ Rule 16(h) authorizes a court to impose sanctions if a party fails to comply with the requirements of Rule 16 or of a pretrial order. M.R.Civ.P. 16(h); *see* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 16.6 at 161 (2d ed. Supp.1981). A sanction imposed pursuant M.R.Civ.P. 16(h) is reviewed for abuse of discretion. *Reeves v. Travelers Ins. Cos.*, 421 A.2d 47, 50 (Me.1980); *Lerman v. City of Portland*, 406 A.2d 903, 904 (Me.1979). A trial court is invested with some considerable discretion in this regard and we will not lightly overrule the court's choice of an appropriate sanction in a given situation. *Reeves*, 421 A.2d at 50. In view of the procedural history of this case, we can detect no abuse of discretion in ordering the dismissal of Terjelian's complaint. To be sure, the sanction of dismissal with prejudice is a drastic one, but it is clearly an option open to the trial court, and one specifically mentioned in M.R.Civ.P. 16(h). In the instant matter, Terjelian received numerous notices and orders relative to the report of conference of counsel and was warned of the consequences for failure to file the report. Despite the extension granted by the court, the report was never filed. Neither Terjelian[2] nor his counsel took appropriate steps to comply with the court's pre-trial orders. Further, the record reveals other dilatory tactics on the part of Terjelian with regard to discovery. The circumstances present in this case make it an appropriate occasion for dismissal.

The entry is:

Judgment affirmed.

All concurring.

of the record in this case, the court's finding was not clearly erroneous.

---

1. Terjelian filed an affidavit with his motion to vacate the dismissal stating that he understood the deadline for filing the report of conference of counsel to be *December* 31, 1990, and not *October* 31, 1990. The court found that insufficient reason to set aside the dismissal. In view

2. The fact that Terjelian represented himself for a short period is of no moment. *See Gurschick v. Clark*, 511 A.2d 36, 36 (Me.1986) (*pro se* litigant not afforded preferential treatment).