Rosa M. ORLANDELLA

v.

Laurie A. O'BRIEN.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 7, 1994.

Decided Feb. 15, 1994.

Edward S. MacColl, Thompson, McNaboe, Ashley & Bull, Portland, for plaintiff.

James C. Hunt, Robinson, Kriger, McCallum & Greene, P.A., Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, COLLINS, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

Plaintiff Rosa M. Orlandella appeals from an order of the Superior Court (Cumberland County, *Crowley, J.*) reinstating the dismissal of plaintiff's complaint with prejudice. Plaintiff contends that the court abused its discretion when, without finding bad faith or willfulness on the part of plaintiff's former attorney, it dismissed her case. Finding no abuse of discretion, we affirm.

In October of 1991 plaintiff filed a complaint against defendant. Defendant responded with interrogatories and a request for the production of documents, that plaintiff failed to answer. The court granted defendant's motion to compel discovery on January 15, 1992, ordering plaintiff to respond within two weeks and to pay $200 in attorney's fees. Plaintiff failed to comply with the court order. On March 23, 1992, the court ordered that unless plaintiff answered the discovery in full and paid the $200 fee award by April 1, 1992, the complaint would be dismissed with prejudice. Plaintiff answered the interrogatories seven days after the deadline.

Next plaintiff missed the deadline for filing the report of conference of counsel. Thereafter defense counsel served notice of his intention to depose the plaintiff. Plaintiff's attorney waited until the day of the deposition to notify defendant of a scheduling conflict. Similarly, despite receiving ample notice, plaintiff's attorney failed to appear at the scheduled deposition of plaintiff's treating physician. On October 20, 1992, the court ordered that unless the conference report was filed within ten days, the case would be dismissed with prejudice. Plaintiff failed to file the report and the court dismissed the

case with prejudice on November 18, 1992. On plaintiff's motion, the court vacated its dismissal order, provided that plaintiff's counsel pay $250 in counsel fees to defendant by March 5, 1993, and that plaintiff file the conference report by March 12, 1993. The court specified that if those conditions were not met, dismissal would be reinstated. Plaintiff filed the report three days after the deadline and counsel's check for $250 was returned due to insufficient funds. Accordingly, the trial court reinstated the dismissal. Plaintiff, represented by new counsel, now appeals.

 Plaintiff frames the issue as though the court dismissed her complaint solely because her attorney inadvertently failed to pay the $250 sanction on time.[1] Plaintiff contends that absent a finding of willfulness or bad faith, the dismissal was tantamount to a deprivation of property without due process of law. We review the trial court's decision to dismiss plaintiff's complaint for an abuse of discretion. *Terjilian v. Concord Insurance Co.*, 606 A.2d 197, 198 (Me.1992); *Reeves v. Travelers Insurance Co.*, 421 A.2d 47, 50 (Me.1980). Although we recognize the constitutional implications of dismissal and give greater scrutiny to the decision to dismiss than we would give to a lesser sanction, *Fallon v. Casco–Northern Corp.*, 462 A.2d 53, 56 (Me.1983), we will not lightly overrule the trial court's decision. *Reeves*, 421 A.2d at 50. The Constitution mandates only that a plaintiff be afforded a meaningful opportunity to assert her claim. *Pelletier v. Pathiraja*, 519 A.2d 187, 189 (Me.1986). The failure of plaintiff's counsel to effectively use the system does not deprive plaintiff of due process of law. *Id.*

Plaintiff's argument on appeal fails to recognize that we have previously held that a showing of willfulness, bad faith, or fault is not required to justify dismissing an action. *Corr v. Hinds*, 536 A.2d 1130, 1133 (Me. 1988); *Pelletier*, 519 A.2d at 189–190. Moreover, her counsel's failure to pay the $250 fee was merely the last in a long history of

violations that the trial court considered. On this record, the trial court did not abuse its discretion. *Terjilian*, 606 A.2d at 198 (trial court properly dismissed with prejudice a case for failure to file a report of conference of counsel as required by pretrial order); *Pelletier*, 519 A.2d at 190–191 (court within discretion when it dismissed case for failure to comply with order to compel discovery); *Reeves*, 421 A.2d at 50–51 (court within discretion when it dismissed case for failure to comply with pretrial order in light of history of nonprosecution of case).

The entry is:

Judgment affirmed.

All concurring.

---

1. Plaintiff also argues that, prior to dismissal, she was "generally [un]aware" of the violations and subsequent sanctions imposed on her. Plaintiff did not raise this argument before the Superior

Court. Furthermore, it is well settled that the knowledge of trial counsel is imputed to plaintiff. *Blake v. Clary*, 83 Me. 154, 157, 21 A. 841 (1891).