STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. PORSC-RE-2019-111

)
)
R.A.S. COMMERCIAL SERVICES,       )
INC. d/b/a RAS CONSTRUCTION,      )
                                  )
          Plaintiff,              )
                                  )
     v.                           )
                                  )
JOLEEN M. MITCHELL and            )
PENNYMAC LOAN SERVICES,           )
LLC,                              )
                                  )
          Defendants.             )

**ORDER AND DECISION**

This matter is before the Court on Plaintiff/Counterclaim Defendant R.A.S. Commercial Services, d/b/a/ RAS Construction's ("RAS") Motion for Sanctions Against Defendant/Counterclaim Plaintiff Joleen Mitchell ("Ms. Mitchell") and Ms. Mitchell's motion styled as "Motion to Dismiss for Misconduct." For the following reasons, the Court grants RAS's Motion, enters default judgment in favor of RAS, and denies Ms. Mitchell's Motion.

## I.    Background

This matter arises out of a dispute over water damage remediation and construction work performed by RAS at Ms. Mitchell's home. RAS initiated this action on June 14, 2019. Ms. Mitchell later filed a counterclaim against RAS.

Although nearly three years have passed since initiation of this matter, Ms. Mitchell has yet to sit for a deposition or permit RAS to inspect the disputed construction work. As discussed in detail below, Ms. Mitchell has demonstrated a pattern of failing to

REC'D CUMB CLERKS OFC
APR 14 '22 AM8:18

appear, failing to timely communicate personal conflicts to counsel and the Court, failing to serve filings on the parties, and refusing to cooperate in the discovery process.

After initial attempts to schedule Ms. Mitchell's deposition and an inspection of her home were unsuccessful, a hearing was held on October 19, 2020. Following that hearing, the Court ordered the parties to agree on a date for Ms. Mitchell's deposition within twenty days after counsel for RAS confirmed his ability to provide Ms. Mitchell with a device enabling her to be deposed remotely. If the parties failed to select dates, the Court would select a date.

On February 25, 2021, Ms. Mitchell was served by sheriff with notice that a home inspection was scheduled for March 16, 2021, and a deposition was scheduled for April 13, 2021. On March 4, Ms. Mitchell demanded more time to prepare, to which counsel for RAS acquiesced. On March 10, Ms. Mitchell was served by sheriff with a new inspection date of May 3, 2021, and a new deposition date of June 7, 2021. Counsel for RAS confirmed the inspection date via email on April 27th, but Ms. Mitchell did not respond. On May 3rd, counsel and an expert arrived at Ms. Mitchell's home for the scheduled inspection, but Ms. Mitchell did not answer the door. Ms. Mitchell claims that she did not recognize the people on her property, so she refused to answer the door.

At RAS's request, a hearing was scheduled for June 7, 2021, to select dates for a deposition and inspection. Notice was sent to all parties on May 17, 2021. On June 4, 2021, the Court received a letter from Ms. Mitchell requesting that the hearing be rescheduled. The motion to continue was denied, and Ms. Mitchell failed to appear. Another hearing on the same subject was scheduled for August 2, 2021. Notice of the August 2nd hearing was sent to all parties on June 22, 2021. Ms. Mitchell failed to appear at the August 2nd hearing, without notice or explanation to the Court or RAS.

By Order dated August 3, 2021, the Court found that Ms. Mitchell's failure to appear was without good cause. The Court ordered that Ms. Mitchell's deposition would be held on September 21, 2021, at 1:00 p.m., at David J. Brandt Law Office, and that an inspection of Ms. Mitchell's home would take place on October 13, 2021, at 11:00 a.m. Ms. Mitchell was served with the Order by the Cumberland County Sheriff on September 9, 2021.

Ms. Mitchell failed to appear for her deposition. At the scheduled time for the inspection, counsel for RAS arrived at the home to find the entrance to the driveway demarcated with tape from which hung a "No Trespassing" sign and a sign indicating that the home's inhabitant was infected with COVID-19. Ms. Mitchell explained that a suspected COVID-19 infection prevented her from attending her deposition or allowing the home inspection to go forward, but neither the Court nor RAS received notice of her conflict. Curiously, Attorney Pierce reported that the sign and tape had been removed when he returned to the property later the same day.

A hearing on RAS's Motion for Sanctions and Ms. Mitchell's Motion to Dismiss for Misconduct was scheduled for January 25, 2022. Notice of the hearing was sent to all parties on January 6, 2022. Ms. Mitchell failed to appear. The Court did receive a letter from Ms. Mitchell, dated Friday, January 21, 2022, explaining that she would not be able to attend remotely or in person. However, the letter was not received by the Court until shortly before the scheduled time for the hearing and, evidently, Ms. Mitchell did not serve a copy on RAS.[1]

---

[1] As the Court explained to Ms. Mitchell, filings submitted to the Court cannot always be immediately docketed. When her letter was not received until the business day prior to the scheduled hearing, it was not docketed before the hearing. Because she also failed to send a copy to counsel for RAS, no one present at the hearing was aware that Ms. Mitchell would be absent.

Hearing was finally held, with Ms. Mitchell and counsel for RAS present, on April 12, 2022. Both sides were provided ample time to be heard on RAS's Motion for Sanctions and Ms. Mitchell's Motion to Dismiss for Misconduct.

In light of Ms. Mitchell's failure to comply with the Court's August 3rd Order and many failures to appear despite proper notice, RAS requests that the Court: (1) involuntarily dismiss Ms. Mitchell's Counterclaim with prejudice, (2) enter default judgment in favor of RAS against Ms. Mitchell in the amount of $50,068.82, (3) order that Pennymac Loan Services, LLC ("Pennymac") release from escrow $50,068.82 to RAS,[2] and (4) dismiss all remaining claims against Pennymac as moot. In its Motion, RAS also requests an award of reasonable attorneys' fees. At hearing, Attorney Farry submitted a fee affidavit for the Court's consideration. Ms. Mitchell filed an opposition to RAS's Motion simultaneously with her Motion to Dismiss for Misconduct by RAS.[3]

## II.    Legal Standard

M.R. Civ. P. 16(d) authorizes the court to impose sanctions for failure to comply with a pretrial order, including dismissal of the action or any part thereof, default of a party, and the imposition of costs and attorney's fees. *See Terjelian v. Concord Group Ins. Co.*, 606 A.2d 197, 198 (Me. 1992). Additionally, M.R. Civ. P. 37(b)(2)(C) and 37(d) authorize the court to impose sanctions, including dismissing the action or any part thereof or rendering a judgment by default, for failure to comply with a discovery order. However, dismissal "should be imposed only for the most serious instances of noncompliance with pretrial procedures." *Sheepscot Land Corp. v. Gregory*, 383 A.2d 16, 23

---

[2] $50,068.82 is the total amount listed as due on an invoice issued to Ms. Mitchell by RAS on April 11, 2019. Pennymac currently holds checks totaling more than $50,068.82 issued by MMG Insurance Company for the repair work performed by RAS and made payable to RAS, Ms. Mitchell, and Pennymac.

[3] RAS's Motion for Sanctions was filed on October 29, 2021. Ms. Mitchell's opposition was untimely filed on November 30, 2021. The Court did not receive a request to enlarge the deadline to file an opposition.

(Me. 1978) (noting presumption that justice is better served by adjudicating cases on the merits).

When deciding whether to impose sanctions, the court must consider "the purpose of the specific rule at issue, the party's conduct throughout the proceedings, the party's bona fides in its failure to comply, prejudice to other parties, and the need for the orderly administration of justice. The court must also consider the purposes to be served by imposing sanctions, including penalizing the noncompliant party, remedying the effects of the noncompliance, and deterring similar conduct by the offending party, as well as by others." *Harris v. Soley*, 2000 ME 150, ¶ 10, 756 A.2d 499 (citation and quotation marks omitted); *see U.S. Bank Nat'l Ass'n v. Manning*, 2020 ME 42, ¶ 28, 228 A.3d 726.

## III. Discussion

### A. RAS's Motion

Nearly three years have passed since RAS initiated this case. In that time, Ms. Mitchell never sat for a deposition or permitted RAS to conduct an inspection of the disputed construction work, despite counsel's efforts to accommodate Ms. Mitchell's schedule and requests regarding safety measures and equipment for a remote deposition. She has repeatedly failed to appear at scheduled depositions, inspections, and hearings, without providing the Court and the parties with proper notice or explanation of her absence. She has submitted several filings to the Court without serving a copy on the other parties, in violation of M.R. Civ. P. 5(a). Finally, she failed to comply with the Court's August 3, 2021 Order, without notice or adequate explanation.

Ms. Mitchell has demonstrated utter disregard for the time and resources of the parties, counsel, and the Court. Ms. Mitchell's conduct has caused significant delays, increased RAS's legal fees and costs, and seriously impacted RAS's ability to prosecute its claims or defend against Ms. Mitchell's Counterclaim. Moreover, Ms. Mitchell's

conduct has hampered the Court's ability to ensure the orderly administration of justice. The Court cannot and will not allow such dilatory tactics to go unsanctioned.

The Court's decision to impose sanctions is intended to penalize Ms. Mitchell's noncompliance with the August 3rd Order and her failures to appear, as well as to remedy the effects of Ms. Mitchell's conduct on RAS. The Court notes that concerns about the effects of sanctions falling on the party rather than its counsel are not pertinent here because Ms. Mitchell had represented herself in this matter for several months before the Court's August 3rd Order was docketed.[4] Therefore, dismissal of Ms. Mitchell's Counterclaim with prejudice, entry of default judgment in favor of RAS, and award of reasonable attorneys' fees are appropriate sanctions. *See Terjelian*, 606 A.2d at 198; *Fallon v. Casco-Northern Corp.*, 462 A.2d 53, 56 (Me. 1983).

Entry of default judgment in favor of RAS in the amount of $50,068.82, which is the amount due to RAS as indicated on its April 11, 2019 invoice, entitles RAS to an order directing Pennymac to release that amount from escrow to RAS and renders all remaining claims against Pennymac moot. The Court emphasizes that its dismissal of Ms. Mitchell's Counterclaim with prejudice operates as an adjudication on the merits and means that Ms. Mitchell is not entitled to renew her claim against RAS following its dismissal.

An award of attorney's fees is also appropriate, limited to those fees that RAS would not have incurred were it not for Ms. Mitchell's sanctionable conduct. Specifically, the Court will award attorney's fees associated with preparation for and attendance at the inspection scheduled for May 3, 2021, the August 2, 2021 hearing, the deposition scheduled for September 21, 2021, the inspection scheduled for October 13, 2021, and the

---

[4] Unrepresented litigants are held to the same standards as represented parties. *Dep't of Env't. Prot. v. Woodman*, 1997 ME 164, ¶ 3 n.3, 697 A.2d 1295. When Ms. Mitchell's original counsel withdrew, this matter was stayed for thirty days by Order dated December 2, 2020, to allow Ms. Mitchell an opportunity to retain new counsel, but she ultimately proceeded without representation.

January 25, 2022 hearing, as well as preparation for and attendance at hearing on RAS's Motion for Sanctions and Ms. Mitchell's Motion to Dismiss for Misconduct held on April 12, 2022.

The Court has reviewed Attorney Farry's fee affidavit for fees incurred as described above, which total $360.00.[5] This total and the individual charges it consists of are reasonable. Accordingly, the Court will award RAS $360.00 in attorney's fees. In addition, the Court will allow Attorney Pierce an opportunity to submit an affidavit of his reasonable fees incurred as described above for the Court's review.

**B. Ms. Mitchell's Motion**

At hearing, counsel for RAS indicated that they had not received copies of Ms. Mitchell's Motion to Dismiss for Misconduct in advance of the hearing. Counsel was given time during the hearing to review the motion.

Ms. Mitchell argues that sanctions, including dismissal of RAS's Complaint, should be imposed on Attorney Pierce[6] and / or RAS because RAS's Motion for Sanctions includes misleading statements and because Attorney Pierce has been discourteous towards Ms. Mitchell. Despite Ms. Mitchell's own failures to timely communicate with counsel, she insists that counsel should have confirmed appointments with her through multiple methods of communication.[7] None of the specific issues raised by Ms. Mitchell

---

[5] This amount represents the total of four separate charges as follows: (1) 0.2 hour on August 2, 2021, for a telephone conference with Attorney Pierce regarding the results of the August 2nd hearing; (2) 0.3 hour on October 26, 2021, for reviewing the Motion for Sanctions and emailing Attorney Pierce with edits; (3) 0.2 hour on October 29, 2021, for reviewing the finalized Motion for Sanctions and supporting affidavit; and (4) 0.8 hour on January 25, 2022, for preparing for and appearing at the hearing and discussing the results of the hearing with her client. Attorney Farry's hourly rate is $240.00, which the Court finds is reasonable.

[6] Ms. Mitchell suggests in her opposition that Attorney Pierce is not counsel of record in this matter. The Court notes that Attorney Pierce entered an appearance on January 21, 2020.

[7] Throughout the pendency of this matter, Ms. Mitchell has claimed that her Internet connection is unreliable, that her cell phone service is unreliable, and that the mail sent through the United States Postal Service does not consistently reach her in a timely manner. Accordingly, counsel for RAS found it appropriate to serve Ms. Mitchell in hand by sheriff, and would often follow-up with an email or phone call.

warrant the imposition of sanctions. Accordingly, the Court denies Ms. Mitchell's Motion.

## IV. Conclusion

For the foregoing reasons, the Court grants RAS's Motion for Sanctions and denies Ms. Mitchell's Motion to Dismiss for Misconduct.

The entry is:

1. Ms. Mitchell's Motion to Dismiss for Misconduct is DENIED;

2. Ms. Mitchell's Counterclaim against RAS is DISMISSED WITH PREJUDICED;

3. Default judgment is entered in favor of RAS in the amount of $50,068.82;

4. Pennymac is ordered to release from escrow $50,068.82, payable to RAS;

5. All remaining claims against Pennymac are DISMISSED as moot; and

6. Ms. Mitchell is ORDERED to pay RAS's fees for Attorney Farry's services in the amount of $360.00; and

7. Attorney Pierce may submit an affidavit setting forth his reasonable fees within 21 days of the date of this Order. Ms. Mitchell will have 10 days from the date Attorney Pierce's affidavit is filed to respond in writing with any objections. The Court will thereafter enter an Order setting forth the amount to be paid by Ms. Mitchell.

The Clerk is directed to incorporate this Order and Decision into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 4/13/2022

MaryGay Kennedy, Justice
Maine Superior Court

Entered on the Docket: 04/14/2022

Page 8 of 8