Shirley H. REEVES

v.

**TRAVELERS INSURANCE COMPANIES et al.**

Supreme Judicial Court of Maine.

Argued Sept. 15, 1980.

Decided Oct. 15, 1980.

Abbott J. Reeves (orally), Old Orchard Beach, for plaintiff.

Preti, Flaherty & Beliveau, Jonathan S. Piper (orally), John Flaherty, Portland, for Travelers Ins. Companies.

Hunt, Thompson & Bowie, James M. Bowie (orally), Portland, for Lloyd's, London, England, Jefferson Ins. Co. and American Home Assurance Co.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS and ROBERTS, JJ.

McKUSICK, Chief Justice.

Plaintiff Shirley H. Reeves [1] appeals from the Superior Court's dismissal with prejudice of her action against four insurance companies because of her failure to comply with a pretrial order, M.R.Civ.P. 16(d).[2]

---

1. Shirley H. Reeves sued in her capacity as administratrix of the estate of Minna C. Reeves. Her complaint alleged that as such she had contracted with defendants for insurance and had suffered losses from wind damage.

2. Prior to September 1, 1980, M.R.Civ.P. 16(d) read as follows:

> (d) Sanctions. If a party fails to comply with the requirements of this rule or any order made hereunder, the court may impose upon the party or his attorney or both such penalties and sanctions as the circumstances warrant, which may include the dismissal of the action or any part thereof with or without prejudice, the default of a party, the exclusion of evidence at the trial, and the imposition of costs including attorney's fees and travel.

By amendment effective September 1, 1980, the permissive "may" was changed to "shall" and the following sentence was added to Rule 16(d):

> The court may expressly order, where appropriate in its discretion, that the costs of such sanctions be borne by counsel and that they shall not be passed on to counsel's client.

The Advisory Committee's Notes to that amendment of Rule 16 (July 14, 1980) in section 10 make clear the draftsmen's intent that the Superior Court should, under the recently

We find that the Superior Court acted well within the scope of its permissible discretion, and accordingly we deny the appeal.

The complaint, filed on August 1, 1975, alleging the existence of an insurance contract between plaintiff Reeves and the four defendant insurers,[3] sought to recover for damage to rental real estate at Old Orchard Beach allegedly suffered in a windstorm in May or June, 1975. As later amended, the complaint claimed damages for repair, replacement, materials, and labor in the amount of $1,940 and for loss of earnings and rent in the amount of $1,175.

On June 15, 1979, the Superior Court on its own motion dismissed the action under the two–year rule of M.R.Civ.P. 41(b)(1). At that time the docket showed no entry more recent than November 1, 1976.

On June 23, 1979, a different justice of the Superior Court, pursuant to M.R.Civ.P. 60(b), granted plaintiff's motion for relief from the Rule 41(b)(1) dismissal of June 15, 1979, and at the same time denied defendants' Rule 41(b)(2) motion to dismiss for want of prosecution and ordered that the case be brought to trial "as swiftly as practicable."

A pretrial conference before a third Superior Court justice was held on September 4, 1979. His pretrial order expressly stated that the case was not to be set on the jury trial list "until after documentation and amended pretrial memos as below. *Plaintiff to supply Defendants with copies of bills within 90 days* (plus some testimonial augmentations and expansions)." (Emphasis added)

Neither plaintiff nor her counsel did anything whatever to comply with the September

ber 4, 1979, pretrial order. After a hearing held on February 7, 1980, a fourth Superior Court justice dismissed plaintiff's action with prejudice pursuant to M.R.Civ.P. 16(d). The justice found

> that compliance with order of pretrial has not been had and failure thereof is not the result of excusable neglect when viewed in the light of the history of this case and upon assertion by plaintiff that "documentation" as ordered by the court is not known as to availability and may be determined only by discovery should defendants so wish to pursue that course
>
> . . . .

That dismissal is now before us on appeal.

The purpose of the pretrial conference is "to make the other procedures of the rules effective tools in the preparation for efficient and speedy trial of the case." 1 Field, McKusick and Wroth, *Maine Civil Practice* § 16.1 at 317 (2d ed. 1970). To achieve that purpose, counsel must be prepared for the pretrial conference and must act diligently to meet the obligations that result from it. Because judicial economy is such an important goal of the pretrial conference, M.R. Civ.P. 16(d) confirms the inherent power of the court "to enforce the provisions of the rule aimed at making pretrial procedure effective, including not only appearance at the conference, but also the basic requirements of the memorandum and preparation for the conference." *Id.,* § 16.6 at 328.

Although in this case the Superior Court rested its decision to dismiss plaintiff's case with prejudice on M.R.Civ.P. 16(d), it was imposing a sanction for noncompliance with a discovery order, and its action may equally find support in M.R.Civ.P. 37(b)(2).[4] The discovery rules (M.R.Civ.P. 26 through 37)

---

rewritten Rule 16, make greater use of Rule 16(d) sanctions as appropriate, rather than less.

**3.** The action as against Jefferson Home Insurance Company of New York and two other insurers was dismissed on October 6, 1975, for insufficiency of service of process. Proper returns of service upon them were finally filed on August 27, 1979, and those defendants were restored as parties.

**4.** M.R.Civ.P. 37(b)(2) provides in pertinent part:

> If a party . . . fails to obey an order to provide . . . discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> .     .     .     .     .
>
> (C) An order . . . dismissing the action or proceeding or any part thereof . . . .

See 1 Field, McKusick and Wroth, *Maine Civil Practice* § 37.4 (2d ed. 1970).

are informed by a philosophy of litigation similar to that governing the pretrial conference. "[P]rior to trial every party to a civil action is entitled to the disclosure of all relevant information in the possession of any person, unless the information is privileged." 8 Wright & Miller, *Federal Practice and Procedure* § 2001 at 15 (1970). It is the purpose of both the discovery rules and the pretrial conference to eliminate the sporting theory of justice, *Tiedman v. American Pigment Corp.*, 253 F.2d 803, 808 (4th Cir. 1958), and to enforce full disclosure. Meaningful pretrial conferences and liberal discovery are two of the principal devices available to effectuate the purpose of the Maine Rules of Civil Procedure "to secure the just, speedy and inexpensive determination of every action." *See* M.R. Civ.P. 1. Conduct of counsel or his client that frustrates the beneficent purposes of Rule 16 and of discovery orders must be appropriately penalized.

■ An appellate court reviews the propriety of a sanction under M.R.Civ.P. 16(d) or 37(b)(2) by an "abuse of discretion" standard. Thus, the Superior Court's dismissal of the present action must stand unless an abuse of discretion is shown or there is an error of law. *Lerman v. Inhabitants of City of Portland*, Me., 406 A.2d 903, 904 (1979). In the language of the United States Supreme Court, with appropriate adaptation, "[t]he question, of course, is not whether [the Law] Court ... would as an original matter have dismissed the action; it is whether the [Superior] Court abused its discretion in so doing." *National Hockey League v. Met. Hockey Club*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1975).

■ In exercising its discretion under Rule 16(d) or 37(b)(2), the trial court must answer three questions: (1) whether to impose a sanction; (2) upon whom—party or counsel or both—to impose the sanction; and (3) what sanction to impose. The answers to those questions depend upon the circumstances of the particular case, viewed in the light of the functions intended to be served by sanctions. In addition to penalizing non-compliance with a court order and trying to remedy the effect of the noncompliance by compensating the innocent party for the costs incurred therefrom or by extracting compliance from the recalcitrant party, the sanction selected should also serve as a deterrent to similar conduct by the same offender or others. *See* Note, "The Emerging Deterrence Orientation in the Imposition of Discovery Sanctions," 91 Harv.L.Rev. 1033, 1034 (1978). The ultimate goal of any pretrial sanction is to promote fair and efficient litigation, both in the pending case and in the court system generally. Faced with the increasingly heavy demands upon limited judicial resources, all courts are more conscious than ever of the necessity for strict enforcement of their procedural orders. *Id.* at 1055. An appellate court will not lightly overrule a trial court's judgmental choice of an appropriate sanction under Rule 16(d) or 37(b)(2).

■ On the facts now before us, the February, 1980, dismissal clearly did not represent any abuse of discretion. On appeal, plaintiff's counsel does not question the Superior Court's statement of fact that counsel asserted at the February, 1980, hearing that he, even at that late date, did not know whether there existed documentation such as had been ordered to be produced. Indeed, at oral argument before this court counsel still would not answer the question with any certitude. We emphatically reject plaintiff's contention that defendants, during the 90 days subsequent to the pretrial order, should have pursued plaintiff to get the ordered documentation or find out whether any existed. Defendants were not required to make any request for the documentation; they already possessed a court order requiring plaintiff to produce it.

■ Furthermore, the Superior Court, contrary to plaintiff's contention on appeal, committed no error of law in viewing plaintiff's noncompliance with the pretrial order "in the light of the history of this case." For 32 months following November 1, 1976, plaintiff took no action whatever to prosecute her action. During all that time she was represented by her present attorney,

who is her brother. Although the second Superior Court justice saw fit to restore the case to the docket in July, 1979, that ruling at most represented that justice's conclusion that plaintiff's failure to prosecute the action up to that point was not sufficiently blameworthy in itself to justify the ultimate sanction of dismissal. However, the justice's ruling merely restored the case to the docket (along with ordering the case to trial "as swiftly as practicable") and did not give plaintiff and her counsel a "pardon" for their past failure to exercise ordinary diligence in prosecuting the suit. Their unexplained failure to comply with the subsequently entered pretrial order, or even to come forward promptly with any showing that no documentation existed, if that was the fact, when added to their prior non-action for well beyond the critical two–year period set by Rule 41(b)(1), could well be found to justify dismissal.

■ We recognize that the sanction of dismissal, or of default judgment if imposed on a defendant, is a drastic one; its direct consequence falls not upon the attorney, but upon the party, who thereby loses all chance for an adjudication on the merits. For that reason, the ultimate sanction should be imposed only for the most serious instances of noncompliance with pretrial procedures. Mindful of that fact, we are nonetheless well satisfied that the special circumstances present in this case make it an appropriate occasion for dismissal, in order to penalize a serious delinquency and to deter like conduct by others. *Cf. Zavala Santiago v. Gonzalez Rivera*, 553 F.2d 710, 713 (1st Cir. 1977) (Coffin, C. J.) (dismissal for failure to attend pretrial conference and comply with discovery order). The Superior Court justice did not commit any abuse of discretion by making that choice.

The entry must be:

Appeal denied.

Judgment of dismissal with prejudice affirmed.

All concurring.