**Alice BEAUDIN**

v.

**Maurice BEAULIEU.**

Supreme Judicial Court of Maine.

Submitted on Briefs.
Decided March 6, 1984.

---

Gaston M. Dumais, Lewiston, for plaintiff.

Norman & Hanson, Mark G. Lavoie, Portland, for defendant.

Before McKUSICK, C.J., NICHOLS, ROBERTS, WATHEN and GLASSMAN, JJ., and DUFRESNE, A.R.J.

ROBERTS, Justice.

Alice Beaudin appeals from a judgment entered upon a jury verdict in favor of the defendant, Maurice Beaulieu, in Superior Court, Androscoggin County. She contends on appeal that the trial court abused its discretion by excluding the testimony of her expert witness as a sanction for failing to comply with a pretrial discovery order. We hold that there was no abuse of discretion by the trial court and affirm the judgment.

Alice Beaudin sued her neighbor, Maurice Beaulieu, for damage to her house allegedly caused by an excessive water flow directed at her house by Beaulieu. A pretrial conference resulted in an order entered on July 1, 1982, requiring Beaudin within 30 days to provide Beaulieu with the report of an ex-

pert witness named in the order. No expert's report was delivered to Beaulieu.[1] In fact, Beaudin did not inform Beaulieu that the expert would actually testify until the week before trial in March, 1983. The trial justice refused to allow the expert to testify as a sanction for Beaudin's failure to comply with the pretrial order.

Beaudin contends on appeal (1) that the failure to provide a written report was justifiable and (2) that, absent an unjustifiable discovery violation, it was an abuse of discretion to exclude evidence, where such exclusion was tantamount to dismissal.[2] Beaudin first argues that at the time of the conference, no expert had been hired and that the naming of an expert resulted from a misunderstanding not reflected in the record. Further, there has never been any written report to deliver to Beaulieu because the expert did not reduce his conclusions to writing. Beaudin thus argues that she was unable to comply with the order. Beaudin made no effort, however, to obtain relief from the order during the intervening eight months. Moreover, the nonexistence of a written report does not excuse Beaudin's failure to fulfill her continuing obligation to supplement her response to an interrogatory directly addressed to the identity and expected testimony of any expert witness. M.R.Civ.P. 26(e)(1)(B).

Beaudin also argues that the severity of the sanction constituted an abuse of discretion. We have held that dismissal is an available sanction for failure to comply with court-ordered discovery. *Reeves v. Travelers Ins. Companies*, 421 A.2d 47 (Me. 1980). We have also held that the trial court did not abuse its discretion by allowing the testimony of a witness of whom the plaintiff had not been notified. *Pettitt v. Lizotte*, 454 A.2d 329 (Me.1982). In *Pettitt*, however, we expressly distinguished the "unintentional omission of counsel" from

1. At trial, Beaulieu's attorney represented to the court that he had written to Beaudin's attorney three times requesting the report.

2. Her attorney argues that Beaudin's inability to speak English made the expert testimony

essential to the plaintiff's case. However, we note that Beaudin's attorney also states that he did not hire the expert until a week before trial because, until then, he felt Beaudin would be an adequate witness.

the "failure to comply with court-ordered discovery" of *Reeves*.

Beaudin's noncompliance with the pretrial order brings this case within the *Reeves* rule. Where dismissal is an available sanction, exclusion of expert testimony is also available even though tantamount to dismissal. For eight months Beaudin ignored a clear order to provide the defense with the expert's report. She also ignored her continuing obligation under rule 26. Under such circumstances, the trial justice acted within the sound exercise of discretion in sanctioning the violation by excluding the expert testimony.

The entry is:

Judgment affirmed.

All concurring.