2008 ME 75

**Carol A. ARSENAULT**

v.

**Timothy L. ARSENAULT.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 2, 2008.

Decided: April 29, 2008.

Kenneth P. Altshuler, Esq., Childs, Rundlett, Fifield, Shumway & Altshuler, Portland, ME, for Timothy L. Arsenault.

Philip L. Bartlett II, Esq., Scaccia, Lenkowski, Aranson & Bartlett, Sanford, ME, for Carol A. Arsenault.

Panel: SAUFLEY, C.J., and CLIFFORD, LEVY, SILVER, MEAD, and GORMAN, JJ.

LEVY, J.

[¶ 1] Timothy L. Arsenault appeals from a corrected divorce judgment entered in the District Court (Springvale, *Stavros, J.*). Timothy contends that the court erred in making its award of general spousal

support not subject to future modification. We dismiss the appeal as interlocutory and remand to the District Court.

## I. BACKGROUND

[¶ 2] Carol A. Arsenault and Timothy Arsenault were married on July 19, 1985. Carol filed a complaint for divorce on July 22, 2005. The court's original divorce judgment was dated August 10, 2007, and was entered on the docket on August 21, 2007. In addition to provisions regarding parental rights and responsibilities, child support, and property distribution, the court also awarded Carol general spousal support of $600 a month. This award was specifically made not subject to future modification and was to terminate only upon the death of either party or Carol's remarriage.

[¶ 3] Timothy filed a motion to clarify the divorce judgment on August 29, 2007, on the grounds that the judgment did not specifically award Timothy the marital residence, although such an award was implicit from other aspects of the judgment. The court thereafter issued a corrected divorce judgment clarifying that Timothy was awarded the marital residence; all other aspects of the original divorce judgment remained the same. The corrected divorce judgment was entered on the docket on September 4, 2007.

[¶ 4] On September 6, 2007, Timothy filed a motion to reconsider the divorce judgment pursuant to M.R. Civ. P. 59(e) and for relief from the judgment pursuant to M.R. Civ. P. 60.[1] In this motion, Timothy's primary contention was that the court had erred in making its award of general spousal support not subject to future modification.[2] Prior to any action on his motion by the trial court, Timothy filed a notice of appeal on September 11. The court has taken no action on Timothy's pending motion.

## II. DISCUSSION

■ [¶ 5] A motion for reconsideration of a judgment is treated as a motion to alter or amend a judgment under M.R. Civ. P. 59(e). A timely motion to alter or amend a judgment made pursuant to M.R. Civ. P. 59(e) suspends the running of the time for appeal. M.R.App. P. 2(b)(3). In addition, although a trial court generally may not take further action in a case after an appeal is docketed in this Court, the rules of appellate procedure contain an exception for timely post-judgment motions, including those made pursuant to Rule 59(e). *See* M.R.App. P. 3(b) (providing that the trial court may act on any timely motion made pursuant to one of the rules listed in M.R.App. P. 2(b)(3), which includes a motion made pursuant to M.R. Civ. P. 59(e)).

[¶ 6] Rule 59(e) provides that a motion to alter or amend a judgment is timely if it is "served not later than 10 days after

---

1. To the extent Timothy's motion was brought pursuant to M.R. Civ. P. 60, it appears to be based on his erroneous belief that the time period for bringing a motion for reconsideration had passed by the time he received notice of the original divorce judgment. Accordingly, for purposes of this appeal, we treat Timothy's motion as one made pursuant to M.R. Civ. P. 59(e).

2. Although we ultimately dismiss this appeal as interlocutory, we note that we have recent-

ly addressed the circumstances in which an award of spousal support may properly be made not subject to future modification. *See, e.g., Potter v. Potter*, 2007 ME 95, ¶¶ 10–13, 926 A.2d 1193, 1196–97; *Fitzpatrick v. Fitzpatrick*, 2006 ME 140, ¶¶ 14–18, 910 A.2d 396, 399–401. In acting on Timothy's pending motion, the court should accordingly assess the non-modification provision of its spousal support award in light of these cases.

entry of the judgment." Service is complete upon mailing to a party's attorney, and no proof of service is required where the motion is filed with the court. M.R. Civ. P. 5(b), (d). Even where there is no evidence of when a motion was served, if there is no challenge to its timeliness, we assume that a motion pursuant to M.R. Civ. P. 59(e) was timely served. *See Walker v. Walker*, 2005 ME 21, ¶ 7, 868 A.2d 887, 889.

■ [¶ 7] In the present case, we measure the timeliness of Timothy's motion for reconsideration from the date the court entered its corrected divorce judgment. The corrected divorce judgment was entered on September 4 and Timothy filed his Rule 59(e) motion on September 6. The motion includes a notation that it was forwarded to Carol's attorney on September 4. We can therefore assume that Timothy's motion was served within ten days of the entry of the corrected divorce judgment and, pursuant to Rule 59(e), was timely. Accordingly, because the District Court should have acted on Timothy's motion prior to this appeal, there is currently no final judgment in this matter, and we must remand to the District Court.

The entry is:

Appeal dismissed as interlocutory. Remanded to the District Court for further proceedings consistent with this opinion.