2009 ME 19

**UNIFUND CCR PARTNERS**

v.

**Judy G. DEMERS.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 22, 2009.

Decided: March 3, 2009.

Edward L. Zelmanow, Esq., Stanley Greenberg, Esq., Greenberg & Greenberg, Portland, ME, for Unifund CCR Partners.

Judy Demers did not file a brief.

Panel: CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

ALEXANDER, J.

[¶ 1] Unifund CCR Partners appeals from a judgment of dismissal entered in the District Court (Biddeford, *Foster, J.*). Unifund argues that the court abused its discretion when it dismissed Unifund's action with prejudice, pursuant to M.R. Civ. P. 16A(d), as a sanction for Unifund's failure to attend a pretrial status conference. We vacate the judgment and remand for further proceedings.

## I. CASE HISTORY

[¶ 2] Unifund CCR Partners filed a complaint on January 17, 2008, against Judy G. Demers. The complaint alleged that Unifund is the successor-in-interest to Chase Bank USA, N.A., and that Demers owes Unifund almost $16,000 in principal and accrued interest for charges she made on a credit card issued by "First USA." Unifund sought judgment for the amount owed by Demers plus interest and costs.

[¶ 3] On May 6, 2008, the court scheduled a pretrial/status conference to be held on May 30, 2008. On May 9, 2008, Uni-

fund filed a motion requesting leave to participate in the conference telephonically pursuant to M.R. Civ. P. 7(g). The court denied the motion, noting that it had "a large number of cases set for the same date and time making such a method unwieldy."[1] On May 22, 2008, Unifund filed a motion for summary judgment as well as a request to postpone or cancel the May 30 pretrial conference in light of the pending summary judgment motion. The court did not act on Unifund's motion for summary judgment or its request to postpone or cancel the pretrial conference.

[¶ 4] The court held the pretrial conference as scheduled on May 30, 2008. Demers appeared. Unifund did not appear at the pretrial conference. On its own motion, the court dismissed Unifund's action with prejudice and without costs due to Unifund's failure to appear for the conference. The court stated that it could not account for Unifund's failure to appear, noting only that it had denied Unifund's request to attend the conference telephonically. The court made no reference to Unifund's request to cancel or postpone the conference pending disposition of its summary judgment motion.[2]

[¶ 5] Unifund filed a motion to reconsider on June 12, 2008. Unifund explained that it had failed to appear for the pretrial conference due to its mistaken belief that the conference would be postponed to allow the court to consider the summary judgment motion. Demers did not oppose Unifund's motion to reconsider. The court denied Unifund's motion. Unifund then filed this appeal.

[¶ 6] Unifund admits that it mistakenly failed to appear for the scheduled confer-

---

1. Generally we encourage telephonic hearings for pretrial/status conferences. We recognize that sometimes facilities and dockets do not allow telephonic hearings.

2. The record reflects that Unifund's summary judgment motion and its letter were received May 22, 2008, and were docketed on May 29, 2008.

ence, but argues that it did not act with the serious misconduct or noncompliance with pretrial procedures that would support the dismissal with prejudice sanction that was imposed. Unifund also argues that the court abused its discretion when it dismissed Unifund's complaint with prejudice because the sanction works a "plain and unmistakable injustice" on Unifund, forever depriving it of the opportunity to recover on its claim.

## II. LEGAL ANALYSIS

[¶ 7] Maine Rule of Civil Procedure 16A, paragraphs (a) and (b), provides that the District Court may issue pretrial orders and order pretrial conferences for case management purposes. Rule 16A(d) provides that the District Court shall impose a sanction on a party for failure to comply with Rule 16A, stating:

> If a party fails to comply with the requirements of this rule, to attend a conference held under this rule, or to comply with any order made hereunder, the court shall impose on the party or the party's attorney, or both, such sanctions as the circumstances warrant, which may include the dismissal of the action or any part thereof with or without prejudice, the default of a party, the exclusion of evidence at the trial, and the imposition of costs, including attorney fees and travel. The court may expressly order, where appropriate in its discretion, that the costs of such sanctions be

borne by counsel and that they shall not be passed on to counsel's client.

[¶ 8] We review the District Court's imposition of a sanction pursuant to M.R. Civ. P. 16A(d) for an abuse of discretion. *See Coppola v. Coppola*, 2007 ME 147, ¶ 1 n. 1, 938 A.2d 786, 788. "The touchstone of determining whether the [court] has properly exercised its discretion is whether in a given case that discretion is exercised in furtherance of justice." *Presnell v. Peoples Heritage Bank*, 619 A.2d 1205, 1206 (Me.1993) (quotation marks omitted).

[¶ 9] We have not previously considered in a published opinion a situation in which the District Court has dismissed an action pursuant to Rule 16A(d).[3] We have, however, considered whether the Superior Court has abused its discretion in dismissing a case pursuant to M.R. Civ. P. 16(d).

[¶ 10] Rule 16(d), as currently worded, is nearly identical to Rule 16A(d) except that Rule 16(d) provides that the Superior Court *may* impose sanctions on a party as the circumstances warrant, whereas Rule 16A(d) provides that the District Court *shall* impose sanctions on a party as the circumstances warrant. Between 1980 and 1999, however, Rule 16(d) provided that the imposition of sanctions was mandatory, as Rule 16A(d) now does, so as to "increase the speed and efficiency of the courts."[4] *Pelletier v. Pathiraja*, 519 A.2d 187, 190 n. 4 (Me.1986).

---

**3.** *See generally Coppola v. Coppola*, 2007 ME 147, ¶ 1 n. 1, 938 A.2d 786, 788 (concluding that the District Court did not abuse its discretion when it prohibited a party's experts from testifying as a sanction, pursuant to M.R. Civ. P. 16A(d), because the party waited months after the discovery deadline to designate expert witnesses in violation of the magistrate's pretrial order); *In re Misty B.*, 2000 ME 67, ¶¶ 8–9, 749 A.2d 754, 757 (affirming the District Court's decision not to exclude witnesses, or exhibits upon which the parties

agreed, even though the Department of Health and Human Services failed to comply with a pretrial discovery order, because the opposing party did not show that she was prejudiced by the Department's failure; we did not address the mandatory imposition of sanctions contemplated by Rule 16A(d)).

**4.** Prior to September 1980, M.R. Civ. P. 16(d) provided that "the court may impose ... sanctions," but the Rule was amended in September 1980 to provide that " 'the court shall

 [¶ 11] In *Pelletier*, we reiterated that " '[i]n exercising its discretion under Rule 16(d),' " the trial court must resolve certain questions, including whether to impose the sanction on the party or counsel, or both, and what sanction to impose. *Id.* at 190 (citing *Reeves v. Travelers Ins. Cos.*, 421 A.2d 47, 50 (Me.1980)). "[T]he answers will depend upon the particular circumstances and [are] dependent upon the functions to be served by the sanction. The functions to be served may be several; to penalize non-compliance, remedy the effects of non-compliance, and to serve as a deterrent." *Pelletier*, 519 A.2d at 190; *see also Baker's Table, Inc. v. City of Portland*, 2000 ME 7, ¶ 17, 743 A.2d 237, 243 (stating that, when determining the appropriate sanction to be imposed for failure to comply with procedural rules, "the court should take into account the purpose of the specific rule at issue, the party's conduct throughout the proceedings, the party's *bona fides* in its failure to comply, prejudice to other parties, and the need for the orderly administration of justice").

 [¶ 12] In considering the imposition of the specific sanction of dismissal, the court need not find "willfulness, bad faith, or fault of the party to justify the imposition of the dismissal sanction." *Pelletier*, 519 A.2d at 189–90. Instead, "the trial court should evaluate the effect pretrial violations have on the adverse party and also consider the purpose the sanctions are to serve in exercising its discretion." *Id.* at 190. "[S]erious instances of non-compliance with pretrial procedures can support a trial court's imposition of

dismissal as a sanction." *Id.* (affirming the Superior Court's dismissal of the case as a sanction for the plaintiff's failure to produce requested documents in violation of M.R. Civ. P. 16(d) and 37(b)(2), noting that such failure could well have "seriously and irreparably affected the [d]efendant's ability to proceed to a fair resolution of the claims against him").

[¶ 13] However, "due to the severity of a dismissal or default, and the constitutional implications of such an action, we have observed that the trial court's discretion in imposing either ultimate sanction is narrow indeed and will be given close scrutiny on appeal." *Id.* Accordingly, we have advised trial courts to exercise great caution before invoking a dismissal with prejudice sanction, even when counsel has failed to appear at trial. In *Westbrook v. Wallace*, 478 A.2d 687, 690 (Me.1984), we affirmed a dismissal with prejudice when plaintiff's counsel, feigning illness, failed to appear for trial, but we cautioned that "[i]n many instances our trial courts would do well to consider, as they have in the past, a lesser sanction than dismissal. Only when the conduct of the attorney seriously threatens the ability of the court to manage its own affairs should dismissal with prejudice be considered." *See also Terjelian v. Concord Group Ins. Co.*, 606 A.2d 197, 198 (Me.1992) (affirming the sanction of dismissal with prejudice where the party did not take steps to comply with the court's pretrial orders, was repeatedly warned of the consequences of inaction, and engaged in other dilatory tactics in discovery); *Pelletier*, 519 A.2d at 190; *Reeves*, 421 A.2d at 51 ("[T]he ultimate sanction should be im-

---

impose sanctions' thereby making imposition of sanctions mandatory." *Pelletier v. Pathiraja*, 519 A.2d 187, 190 n. 4 (Me.1986). The *Pelletier* Court noted that Rule 16(d) had been amended "to demand [that] the trial courts be more strict in their application of sanctions in order to increase the speed and efficiency of the courts." *Id.* Rule 16(d) was subsequently

redesignated Rule 16(h) in 1988, and, effective May 1, 1999, Rule 16 was completely rewritten. M.R. Civ. P. 16 Advisory Committee's Note to 1999 amend., Me. Rptr., 716–24 A.2d XLIV; *see also Me. Farms Venison, Inc. v. Peerless Ins. Co.*, 2004 ME 80, ¶ 20 n. 4, 853 A.2d 767, 771.

posed only for the most serious instances of noncompliance with pretrial procedures."); *Sheepscot Land Corp. v. Gregory,* 383 A.2d 16, 23 (Me.1978) (affirming default for a failure to appear for trial, but noting "the presumption being that justice is better served by adjudicating cases on their merits than by the use of default judgments"); *cf. Lerman v. Inhabitants of the City of Portland,* 406 A.2d 903, 904 (Me.1979).[5]

[¶ 14] Here, we conclude that the court abused its discretion when it dismissed Unifund's action with prejudice due to Unifund's failure to appear at one pretrial conference. First, although Demers may have been inconvenienced by appearing at the pretrial conference, the court made no determination that she was prejudiced by Unifund's failure to appear. Second, the functions to be served by imposing a sanction on Unifund, deterrence and penalizing non-compliance, might have been achieved without imposing the "ultimate" sanction of dismissal. *See Baker's Table,* 2000 ME 7, ¶¶ 16, 19–20, 743 A.2d at 242–43, 243–44 (vacating the court's dismissal as a sanction for the party's failure to file a required motion, we stated, "In exercising its discretion to determine what, if any, sanction should be imposed for a violation of the rules of procedure, the court must, in effect, fit the punishment to the crime. Although the trial court's discretion to choose an appropriate sanction is broad, when a court imposes a 'drastic' sanction such as dismissal ... we will closely scrutinize the court's decision." (quotation marks omitted)). Additionally, the court's resources do not appear to have been greatly impacted; many cases had

apparently been set for the same time and date, and therefore, the court had apparently not set aside a specific block of time in its calendar for this pretrial conference.

[¶ 15] Finally, the record indicates that, although it was admittedly at fault, Unifund may have mistakenly believed that the conference had been postponed, as it had requested, given its pending summary judgment motion. The record does not establish, however, whether Unifund was engaging in dilatory tactics or whether it or its attorney had previously engaged in dilatory tactics in prior cases. *See Saucier v. State Tax Assessor,* 1998 ME 61, ¶¶ 1, 6–7, 708 A.2d 281, 281, 283 (vacating the court's sanction of dismissal as "overly harsh" in response to the plaintiff's failure to comply with a discovery order because, even though the plaintiff was "not blameless," his failure to comply with the order was based on his good faith belief that all Superior Court proceedings were stayed by a bankruptcy filing). Accordingly, we vacate the judgment and remand to the District Court for further proceedings, including consideration of what sanction to impose on Unifund considering its degree of fault and the extent to which the court may determine that its actions did or did not prejudice other parties or the efficient administration of justice.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.

---

**5.** In *Lerman v. Inhabitants of the City of Portland,* 406 A.2d 903, 904 (Me.1979), the plaintiff failed to appear for a pretrial conference, after which the court issued a pretrial order requiring the plaintiff to produce the record on appeal. The court imposed no sanctions for the plaintiff's failure to appear at the conference, but subsequently dismissed the plaintiff's case pursuant to Rule 16(d) for failure to produce the record, which we affirmed, noting the plaintiff refused to comply with the pretrial order despite having ten months to do so. *Id.*