MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:     2020 ME 42
Docket:       Cum-19-192
Argued:       December 6, 2019
Decided:      April 2, 2020

Panel:        MEAD, GORMAN, JABAR, HUMPHREY, and HJELM, JJ.*

## U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RASC 2005KS9

### v.

## THOMAS MANNING

HUMPHREY, J.

[¶1]  U.S. Bank National Association as Trustee for RASC 2005KS9 (the Bank), appeals from a judgment of the Superior Court (Cumberland County, *Wheeler, J.*) granting Thomas Manning's motion for reconsideration and dismissing with prejudice the Bank's foreclosure complaint.  The Bank also appeals from an order of sanctions imposed by the court (*L. Walker, J.*) following a judicial settlement conference.

[¶2]  The procedural record of this case stretches back to 2010 and includes one prior appeal in which we vacated the trial court's judgment

---

*  Although Justice Alexander participated in the appeal, he retired before this opinion was certified.

Justice Hjelm sat at oral argument and participated in the initial conference while he was an Associate Justice, and, on order of the Senior Associate Justice, was authorized to continue his participation in his capacity as an Active Retired Justice.

dismissing the Bank's foreclosure complaint with prejudice. *See U.S. Bank Nat'l Ass'n v. Manning (Manning I)*, 2014 ME 96, ¶¶ 1, 20, 97 A.3d 605. In this appeal, we are asked again to determine whether the court abused its discretion by dismissing with prejudice the Bank's foreclosure complaint. After review, we affirm the sanctions imposed by the court (*L. Walker, J.*) following the settlement conference and vacate the court's (*Wheeler, J.*) judgment dismissing the Bank's complaint with prejudice. We remand the matter with instructions to dismiss the Bank's foreclosure complaint *without* prejudice.

## I. BACKGROUND

A.    Foreclosure Complaint and Prior Appeal

[¶3] On August 2, 2005, Manning signed a promissory note in the amount of $520,000 listing Mortgage Lenders Network USA, Inc., as the lender, and, in order to secure the note, executed and delivered a mortgage to Mortgage Electronic Registration Systems, Inc., as the nominee of the lender. On May 24, 2010, the Bank filed a complaint for foreclosure against Manning, and it amended the complaint on July 15, 2010.

[¶4] More than three years after the complaint was filed, the court (*Wheeler, J.*) dismissed the Bank's complaint with prejudice because the Bank had failed to timely pay a $150 sanction. *See Manning I*, 2014 ME 96, ¶ 3,

97 A.3d 605 (chronicling the previous pre-trial history of this case). Following the Bank's timely appeal, we held that the court abused its discretion in dismissing the complaint, vacated the judgment, and remanded the case for further proceedings. *See id.* ¶¶ 14-20.

B.    Proceedings After Remand

1.    Initial Proceedings Following Remand

[¶5]  Upon remand, the court held a status conference on October 14, 2014, set a discovery deadline of March 6, 2015, and scheduled a judicial settlement conference to be held "in March including [a] Bank official with authority to settle." On February 3, 2015, the Bank—to address the issue of its standing in light of our decision in *Bank of America, N.A., v. Greenleaf*, 2014 ME 89, 96 A.3d 700—filed a motion to amend its complaint and to stay the foreclosure proceeding. Manning opposed the Bank's motion and, instead, moved for summary judgment because the Bank lacked standing to foreclose. *See* M.R. Civ. P. 56. The Bank opposed the motion for summary judgment and moved to voluntarily dismiss its complaint without prejudice.[1] *See* M.R. Civ. P. 41(a)(2). Manning opposed the requested dismissal.

---

[1]  In its motion, the Bank acknowledged that the originating lender, Mortgage Lenders Network USA, Inc., was no longer in business and requested that, in light of our decisions in *Bank of America,*

[¶6]  On June 1, 2015, the court entered an order addressing the parties' pending motions.  First, the court denied Manning's motion for summary judgment, reasoning that, because it "lack[ed] subject matter jurisdiction," it could not enter a final judgment on the merits of the Bank's complaint.  Second, the court granted the Bank's motion to voluntarily dismiss its complaint without prejudice.[2]

[¶7]  Two weeks later, on June 15, Manning filed a motion for reconsideration of the court's order, which the Bank opposed.  *See* M.R. Civ. P. 7(b)(5).  Manning argued that the court's June 1 order incorrectly implied that the court had heard oral argument from the parties, and he asserted that the court had subject matter jurisdiction over all residential foreclosures.

[¶8]  On July 1, 2015, Manning filed a letter alerting the court to the then-pending appeal in *Bank of America v. Greenleaf*, 2015 ME 127, 124 A.3d 1122 (*Greenleaf II*), and suggested that, because the anticipated decision in *Greenleaf II* "may address or inform the question posed here: whether a lack of standing removes subject matter jurisdiction," the court stay all briefing on his

---

*N.A., v. Greenleaf*, 2014 ME 89, 96 A.3d 700 and *CitiMortgage, Inc. v. Chartier*, 2015 ME 17, 111 A.3d 39, the complaint be dismissed without prejudice.

[2]  In its order, the court also declined to award costs or fees to Manning.

motion to reconsider until a decision in *Greenleaf II* was issued. On July 16, 2015, the court granted the parties' joint motion to stay further proceedings on the motion for reconsideration until thirty days after the decision in *Greenleaf II* was issued.

[¶9] We issued our decision in *Greenleaf II* on September 22, 2015.

[¶10] On October 15, 2015, the court granted Manning's "consented-to" motion to continue the stay until November 6, 2015. A week later, the court ordered that a judicial settlement conference be set for "early December" and that the case remain stayed until after the settlement conference.

[¶11] On December 4, 2015, Manning requested a conference with the court and counsel for the parties. On February 26, 2016, the Bank objected to Manning's request and moved to lift the July 16, 2015, stay on Manning's motion for reconsideration. The Bank pointed out that it had been eight months since Manning filed his motion and five months since the decision in *Greenleaf II* was issued. Manning opposed the Bank's motion to lift the stay.

[¶12] Four months later, on July 13, 2016, the Bank filed a letter with the court, inquiring about the status of the pending motions regarding Manning's request for a conference and the Bank's motion to lift the July 16, 2015, stay.

6

On July 25, 2016, the court ordered that a settlement conference be scheduled "within the next sixty days."

2.    Judicial Settlement Conferences

[¶13]  On September 23, 2016, the court (*L. Walker, J.*) conducted a settlement conference with the parties, but the case was not settled.[3]  On October 12, 2016, the same judge who had served as the mediator held a follow-up telephone conference with counsel, after which the court ordered the parties to brief the issues addressed during the telephone conference, including whether the Bank had "complied with the court's order to have present all persons with full settlement authority who [were] prepared to make reasonable concessions."

[¶14]  On November 18, 2016, Manning filed a motion for contempt against the Bank for its conduct at the settlement conference, arguing that the Bank had "fail[ed] to produce a representative with authority to settle," made misrepresentations to the court, and failed to negotiate in good faith.  On April 11, 2017, the court ordered the parties to "negotiate fastidiously in good

---

[3]  In an order entered on July 20, 2018, the court stated that, at the settlement conference, "the Bank represented to the court that better terms could not be offered unless the [pooling and servicing agreement] was reformed.  [The] court relied on the Bank's representations and terminated the [settlement conference] without reaching [a] settlement."

faith" in order to resolve all claims and, if no agreement was reached by April 28, the court would hold a one-day testimonial hearing on Manning's motion for contempt.[4]

[¶15] On October 6, 2017, Manning filed a renewed motion for contempt, arguing that the court should dismiss the Bank's foreclosure complaint with prejudice "or, in the alternative, hold the Bank in contempt and impose sanctions." The court held a hearing on the motion on February 9, 2018, and conducted a second judicial settlement conference on May 18, 2018.

[¶16] On July 20, 2018, the court granted Manning's motion for contempt and imposed sanctions on the Bank, ordering it to pay Manning's attorney fees and costs "associated with preparation for and attendance [at] both Judicial Settlement Conferences." The court found that the Bank had "failed to comply with the court's order regarding the judicial settlement conference, despite having the ability to do so." The court "stop[ped] short" of dismissing the case with prejudice, and left it to the trial court to "consider the [Bank's] conduct . . .

---

[4] On May 12, 2017, the Bank filed a motion to vacate the court's April 11, 2017, order, arguing that "the foreclosure action is non-justiciable [because] the court relinquished its subject matter jurisdiction over the parties and the claims by the entry of the June 1, 2015, order dismissing the case." On September 8, 2017, the court denied the Bank's motion.

8

during the course of the litigation generally as to whether dismissal with prejudice is justified as a final disposition" of the case.[5]

[¶17]  By this time, it had been more than three years since the court's June 1, 2015, order dismissing the Bank's foreclosure complaint without prejudice and Manning's subsequent June 15, 2015, motion for reconsideration.

3.      Motion to Reconsider the June 1, 2015, Order

[¶18]  On September 11, 2018, Manning filed a motion to set a final briefing schedule on his pending motion for reconsideration and motion to extend the existing stay, which had been in effect since July 16, 2015.  The court (*Wheeler, J.*) granted the motion to continue the stay and set a final briefing schedule.  On January 17, 2019, Manning filed a brief in support of his pending motion for reconsideration, requesting that the court dismiss the foreclosure complaint with prejudice and award Manning attorney fees.  In response, the Bank argued that the court should not rely on the events that occurred after the June 1, 2015, dismissal without prejudice when evaluating the motion for reconsideration.

---

[5]  On July 31, 2018, the Bank filed a motion to reconsider the court's July 20 order, arguing that the court erred in imposing sanctions on the Bank for a period of time in which Manning refused to compromise.  The court denied the motion on August 30.

[¶19] On April 24, 2019, the court granted Manning's June 15, 2015, motion to reconsider the court's June 1, 2015, order. The court dismissed with prejudice the Bank's foreclosure complaint as a sanction for the Bank's failure to cooperate with discovery requests, disregard of court orders, and conduct at the judicial settlement conference, and also awarded Manning his attorney fees from July 19, 2018—the date the Bank was sanctioned for its conduct at the judicial settlement conferences—to the conclusion of the case.

[¶20] The Bank then filed a timely notice of appeal. *See* M.R. App. P. 2B(c)(2).

## II.  DISCUSSION

[¶21] The Bank contends that the court abused its discretion when it (1) required the parties to participate in a settlement conference after staying Manning's motion for reconsideration, (2) imposed sanctions on the Bank following the settlement conference, and (3) granted the motion for reconsideration and dismissed the foreclosure complaint with prejudice. We address each in turn.

A.    Judicial Settlement Conference

    1.    Orders to Hold a Settlement Conference

[¶22]  The Bank argues that the court abused its discretion by extending the July 16, 2015, stay on Manning's motion for reconsideration and "forcing" the Bank to participate in the judicial settlement conference.  We review court orders supervising and managing proceedings for an abuse of discretion. *See Geary v. Stanley*, 2007 ME 133, ¶ 12, 931 A.2d 1064; *see also* M.R. Civ. P. 16(a)-(b).  "The touchstone of determining whether the court has properly exercised its discretion is whether in a given case that discretion is exercised in furtherance of justice."  *Unifund CCR Partners v. Demers*, 2009 ME 19, ¶ 8, 966 A.2d 400 (alterations omitted) (quotation marks omitted).

[¶23]  Here, upon remand in 2014, the court ordered the parties to attend a settlement conference.  *See* M.R. Civ. P. 16(b).  A settlement conference was not held because, in part, the Bank filed a motion to voluntarily dismiss its complaint without prejudice, which was granted by the court.  Manning then filed a motion for reconsideration of the dismissal and, at the parties' request,

the court stayed Manning's motion in anticipation of our decision in *Greenleaf II*.[6]

[¶24] During this stay, the court again ordered the parties to attend a settlement conference and extended the stay until after that conference was held. A settlement conference eventually took place on September 23, 2016; however, it was unsuccessful and, on November 18, 2016, Manning filed a motion for contempt based on the Bank's alleged conduct at the settlement conference. This was followed by a hearing on Manning's motion for contempt and a second unsuccessful settlement conference.

[¶25] In the circumstances of this case, where Manning filed a motion for reconsideration and the parties then both agreed to stay further proceedings on that motion, the court's decision to require the parties to attend a settlement conference was "exercised in furtherance of justice," *Unifund CCR Partners*, 2009 ME 19, ¶ 8, 966 A.2d 400, and, thus, was not an abuse of discretion.[7]

---

[6] Manning's motion for reconsideration, which we treat as a motion to alter or amend a judgment, *see Arsenault v. Arsenault*, 2008 ME 75, ¶ 5, 946 A.2d 412; M.R. Civ. P. 59(e), "suspend[ed] the finality of the initial judgment and defer[red] the running of the appeal period," *Most v. Most*, 477 A.2d 250, 258 n.12 (Me. 1984).

[7] Although we do not take issue with the court's decision to require a settlement conference during the stay, the court's management of this case, in general, did not comport with "the overall purpose of the [Maine] Rules of Civil Procedure, which is to ensure the speedy and inexpensive resolution of a case." *Merrifield v. Hadlock*, 2009 ME 1, ¶ 6, 961 A.2d 1107 (discussing a pretrial scheduling order); *see* M.R. Civ. P. 1.

2.      Sanctions Imposed at Settlement Conference

[¶26]   The Bank also challenges the sanctions imposed by the court (*L. Walker, J.*) following the settlement conference, arguing that the court abused its discretion when it attempted "to force [the Bank] to settle and accept Manning's settlement demands."  We review a court's imposition of sanctions for an abuse of discretion.  *See Bayview Loan Servicing, LLC v. Bartlett*, 2014 ME 37, ¶ 10, 87 A.3d 741.

[¶27]  A court may conduct a settlement conference and direct the parties to appear and "participate in good faith."  M.R. Civ. P. 16(b).  If a party fails to comply with a pretrial rule or order, a court may impose "such sanctions as the circumstances warrant," including a dismissal of the action or an award of attorney fees.  M.R. Civ. P. 16(d).  "Although the court cannot force a settlement on the parties, the failure to negotiate in good faith may lead to an abuse of the litigation process and be sanctionable."  *Chiappetta v. LeBlond*, 544 A.2d 759, 761 (Me. 1988) (citation omitted).  A court also has "the inherent authority to sanction a party's failure to comply with the rules."  *Baker's Table, Inc. v. City of Portland*, 2000 ME 7, ¶ 16, 743 A.2d 237; *see Green Tree Servicing, LLC v. Cope*, 2017 ME 68, ¶ 18, 158 A.3d 931 (stating that even when a plaintiff lacks

standing, a "court is not divested of its inherent authority to dismiss the complaint with prejudice as a sanction for misconduct").

[¶28]  When imposing sanctions, a court must consider certain factors, including "(1) the purpose of the specific rule at issue; (2) the party's conduct throughout the proceedings; (3) the party's basis for its failure to comply; (4) prejudice to other parties; and (5) the need for the orderly administration of justice." *Bayview Loan Servicing, LLC*, 2014 ME 37, ¶ 12, 87 A.3d 741.

[¶29]  In this case, the court possessed the authority to impose sanctions on the Bank for its conduct at the settlement conference. *See Green Tree Servicing, LLC*, 2017 ME 68, ¶ 18, 158 A.3d 931; *Baker's Table, Inc.*, 2000 ME 7, ¶ 16, 743 A.2d 237.  At the February 9, 2018, hearing on Manning's motion for sanctions, the court found, and the Bank acknowledged, that the Bank had failed to ensure that a person with "full authority" to settle attended the settlement conference.  Therefore, the court did not abuse its discretion in imposing sanctions for the Bank's conduct during the settlement conference. *See Bayview Loan Servicing, LLC*, 2014 ME 37, ¶ 23, 87 A.3d 741.

B.    Motion for Reconsideration

[¶30]  The Bank contends that the court abused its discretion when it granted Manning's motion for reconsideration and dismissed the foreclosure

14

complaint with prejudice, arguing that the court improperly relied on events that occurred after it entered the original dismissal order on June 1, 2015.

[¶31]   Manning's motion for reconsideration was filed pursuant to Rule 7(b)(5) of the Maine Rules of Civil Procedure and was directed at the court's original June 1, 2015, order, which both denied Manning's motion for summary judgment and granted the Bank's motion to voluntarily dismiss the foreclosure action without prejudice.  To the extent that Manning's motion for reconsideration challenged the court's order denying his motion for summary judgment, we treat it as a motion to reconsider the court's order in accordance with Rule 7(b)(5); however, to the extent that Manning's motion sought a reconsideration of the court's *judgment* dismissing the complaint without prejudice, we treat his motion for reconsideration as a motion to alter or amend the judgment.[8]  *See Arsenault v. Arsenault*, 2008 ME 75, ¶ 5, 946 A.2d 412; M.R. Civ. P. 59(e); *see also Geary v. Stanley Med. Research Inst.*, 2008 ME 9, ¶ 10, 939

---

[8]  *See* M.R. Civ. P. 7, Advisory Committee's Notes May 1, 2000 ("A new subdivision (b)(5) is added to address the continuing confusion about motions for reconsideration.  A corresponding amendment has been made to Rule 59 to provide explicitly that a motion to reconsider a judgment is a Rule 59 motion to alter or amend the judgment."); M.R. Civ. P. 59, Advisory Committee's Notes May 1, 2000 ("Rule 59(e) is amended to add a new last sentence making clear that a motion to reconsider the judgment is a motion to alter or amend the judgment, thereby removing confusion as to whether the appeal period is suspended until the court can dispose of the motion.").

A.2d 86 (stating that a denial of a motion for summary judgment is not a final judgment).

[¶32]  We review for an abuse of discretion a court's ruling on both a motion for reconsideration of an order and a motion to alter or amend a judgment.  *See Green Tree Servicing, LLC*, 2017 ME 68, ¶ 12, 158 A.3d 931; *Shaw v. Shaw*, 2003 ME 153, ¶ 7, 839 A.2d 714.  In each instance, our review for an abuse of discretion "involves three questions: (1) whether the court's factual findings are supported by the record according to the clear error standard, (2) whether the court understood the law applicable to the exercise of its discretion, and (3) whether the court's weighing of the applicable facts and choices was within the bounds of reasonableness."  *Green Tree Servicing, LLC*, 2017 ME 68, ¶ 12, 158 A.3d 931.

[¶33]  We also "closely review" for an abuse of discretion a court's dismissal with prejudice of a foreclosure complaint.  *Manning I*, 2014 ME 96, ¶ 12, 97 A.3d 605. "Due to the severity of dismissal . . . and the constitutional implications of such an action . . . the trial court's discretion in imposing [this] ultimate sanction is narrow indeed and will be given close scrutiny on appeal." *Id.* (quotation marks omitted).

[¶34]  A motion for reconsideration of an order "shall not be filed unless required to bring to the court's attention an error, omission or new material that could not previously have been presented."  M.R. Civ. P. 7(b)(5).  "Rule 7(b)(5) is intended to deter disappointed litigants from seeking 'to reargue points that were or could have been presented to the court on the underlying motion.'"  *Shaw*, 2003 ME 153, ¶ 8, 839 A.2d 714 (quoting M.R. Civ. P. 7, Advisory Committee's Notes (May 1, 2000)); *see Roalsvik v. Comack*, 2019 ME 71, ¶ 3, 208 A.3d 367 (affirming the denial of a motion for reconsideration when the motion presented "allegations of events that occurred only after the hearing was held and the record was closed").

[¶35]  Similarly, when ruling on a motion to alter or amend a judgment, a court is "free within a very limited time period to alter or amend its judgment when convinced it was erroneous, and substitute the proper judgment in its place." *Most v. Most*, 477 A.2d 250, 258 (Me. 1984).  When doing so, a court "is not free to litigate anew . . . [and] may only re-examine those facts already presented to determine whether an error of law or fact has taken place and whether substantial justice has been rendered." *Id.* at 260; *see Perez v. Lorraine Enters.*, 769 F.3d 23, 32 (1st Cir. 2014) (stating that Fed. R. Civ. P. 59(e) "does

not permit a party to turn back the clock, erase the record, and try to reinvent its case after an adverse judgment has entered").

[¶36]  Here, in granting the motion for reconsideration, the court reasoned that its dismissal of the Bank's foreclosure complaint with prejudice was warranted by the Bank's failure to cooperate in discovery, its unwillingness to follow court orders, and its failure to negotiate in good faith during the judicial settlement conference process, which occurred after the order that was being reconsidered.  Much of this conduct was already addressed following the settlement conference when the court (*L. Walker, J.*) sanctioned the Bank for its failure to follow court orders or negotiate in good faith.  In effect, two different judges sanctioned the same party for the same alleged misconduct.

[¶37]  The trial court (*Wheeler, J.*) abused its discretion in both granting Manning's motion for reconsideration and imposing sanctions on the Bank, which included a dismissal with prejudice of the Bank's foreclosure complaint. As such, we remand the matter to the trial court with instruction to dismiss the Bank's complaint *without* prejudice, in accordance with the court's original June 1, 2015, order.

The entry is:

> Order imposing sanctions for conduct at settlement conference affirmed.  Judgment

imposing sanctions and dismissing complaint with prejudice vacated. Remanded for trial court to dismiss the Bank's foreclosure complaint without prejudice.

———————————

Brett L. Messinger, Esq. (orally), and Elizabeth M. Lacombe, Esq., Portland, for appellant US Bank NA

Kelly W. McDonald, Esq. (orally), Murray, Plumb & Murray, Portland, for appellee Thomas Manning

Cumberland County Superior Court docket number RE-2011-20
FOR CLERK REFERENCE ONLY